# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **NOVELTY, INC.,** 351 W. Muskegen Drive Greenfield, IN 46140 <br><br> **Plaintiff,** <br><br> v. <br><br> **KAREN TANDY, in her official capacity as Administrator,** **U.S. DRUG ENFORCEMENT ADMINISTRATION** Mailstop: AES 2401 Jefferson Davis Highway Alexandria, VA 22301; <br><br> **U.S. DRUG ENFORCEMENT ADMINISTRATION** Mailstop: AES 2401 Jefferson Davis Highway Alexandria, VA 22301; <br><br> **ALBERTO R. GONZALEZ, in his official capacity as Attorney General,** **U.S. DEPARTMENT OF JUSTICE** 950 Pennsylvania Avenue, NW Washington, DC 20530-0001 <br><br> **U.S. DEPARTMENT OF JUSTICE; and** 950 Pennsylvania Avenue, NW Washington, DC 20530-0001 <br><br> **UNITED STATES OF AMERICA,** <br><br> **Defendants.** | Civil Case No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Novelty, Inc. ("Novelty") hereby submits this Complaint for Declaratory and

Injunctive Relief against Defendants for violation of the Administrative Procedure Act, 5 U.S.C.

§ 553. DEA's "letter of no objection" ("LONO") pre-import notice procedure and criteria for banning OTC Ephedrine[1] imports for convenience store sale have been adopted and imposed without advance notice in the Federal Register and without affording an opportunity for comment from the public, thus violating the APA, 5 U.S.C. § 553. In addition, DEA's prohibition on imports of Ephedrine-containing OTC products for convenience store sale constitutes arbitrary and capricious agency action in violation of the APA, 5 U.S.C. § 706(2)(A).

## PARTIES

1.      **Novelty Inc.**  Novelty, Inc. ("Novelty") is an Indiana corporation with its principal place of business in Greenfield, Indiana. Novelty distributes and sells a wide array of commercial goods to convenience stores throughout the United States, including sunglasses, lighters, key chains, plush toys, and OTC pharmaceuticals. Novelty services over 14,000 convenience store clients nationwide. Among the pharmaceuticals sold and distributed by Novelty to convenience stores are OTC blister packs and single dose packages containing Ephedrine (a bronchodilator) and guaifenesin (an expectorant). The distribution and sale of these OTC pharmaceuticals accounts for approximately 10% to 15% of Novelty's annual revenue.

2.      **Karen Tandy.**  The Defendant Karen Tandy is sued in her official capacity only. She is the Administrator of the U.S. Drug Enforcement Administration, an agency of the U.S. Department of Justice.

3.      **U.S. Drug Enforcement Administration.**  The Defendant U.S. Drug Enforcement Administration ("DEA") is an agency of the U.S. Department of Justice charged with enforcing the controlled substances laws and regulations of the United States.

---

[1] As used herein, the term "Ephedrine" refers to both ephedrine hydrochloride and pseudoephedrine.

4.     **Alberto R. Gonzales.**  Alberto R. Gonzales is the Attorney General of the United States.  He is sued in his official capacity only.  He is the head of the Department of Justice and the chief law enforcement officer of the United States.

5.     **U.S. Department of Justice.**  The U.S. Department of Justice ("DOJ") is a department of the executive branch of the United States charged with the duty of enforcing laws and regulations of the United States.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action and under 21 U.S.C. §§ 1331 and 1346.  Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

7.     Ephedrine is approved by the Food and Drug Administration ("FDA") as an active ingredient for sale in OTC cold and cough remedies.  21 C.F.R. § 341.16.

8.     Ephedrine is also regulated by the DEA under the Controlled Substances Act (CSA) as a List 1 chemical (21 U.S.C. §826; 21 C.F.R. § 1310.02), under the Comprehensive Methamphetamine Control Act of 1996 ("CMCA"), 21 U.S.C. § 802, et seq., and under the Methamphetamine Anti-Proliferation Act of 2000 ("MAPA"), Pub. L. No. 106-310, 114 Stat. 1227 (2000), and their respective implementing regulations.  More recently, Congress added restrictions on Ephedrine in the USA Patriot Improvement and Reauthorization Act of 2005, Title VII, entitled "Combat Methamphetamine Epidemic Act of 2005" ("CMEA"),  Pub. L. No. 109-177 (enacted on March 9, 2006 amending the CSA).

9.     The CSA requires that each regulated person who imports a listed chemical notify the Attorney General of the importation on later than 15 days before the transaction is to take place.  21 U.S.C. § 971(a).

10.     The CSA states that the Attorney General may order the suspension of any importation or exportation of a listed chemical on the ground that the chemical may be diverted to the illicit manufacture of a controlled substance. From and after the time when the Attorney General provides written notice of the order (including a statement of the legal and factual basis of the order) to the regulated person, the regulated person may not carry out the transaction. 21 U.S.C. § 971(c).

11.     DEA requires each company wishing to import Ephedrine to request in writing a LONO from the DEA and refrain from importing the Ephedrine until receipt of that LONO.

12.     Upon receipt of a request for a LONO, DEA either issues one, stating that it does not object to the Ephedrine import, or issues a letter declining to grant permission for importation. In its LONO denial letter DEA may state a brief conclusory reason for the denial (such as alleging that the proposed import "may be subject to diversion to the illicit market by downstream distribution system…"). See Exhibit A. Only if an importer responds to the denial letter in writing, stating that it seeks to appeal the denial, will DEA provide more information concerning the facts and conclusions that are the basis for the LONO denial. Id.

13.     The DEA's procedure and criteria for assessment of requests for LONO's were never iterated in formal rules, were never published as proposed rules in the Federal Register, and were never the subject of public comment before their adoption and implementation. In 1994, as part of an anti-drug initiative among several nations and the United Nations' International Narcotics Control Board ("INCB"), some exporting countries began to decline to export Ephedrine unless the importing country provided a LONO. In response to the initiative, DEA implemented its LONO procedure and criteria to accommodate U.S. importing companies requiring the letters for their exporters. At some unknown point, DEA began to require all

4

companies importing Ephedrine to the United States to request a LONO letter and began

systematically refusing to issue LONO's to companies importing Ephedrine for OTC

convenience store sales.

14.     DEA adopted the requirement of a LONO as a condition precedent for lawful

import of Ephedrine to the United States without following the familiar notice-and-comment

rule-making procedures specified in the Administrative Procedure Act (APA), 5 U.S.C. § 553.

15.     The DEA considers unlawful any import of Ephedrine for use in OTC

pharmaceuticals unless a LONO is sought from DEA and obtained in advance of import.

16.     Those who import Ephedrine for use in OTC pharmaceuticals who have not

obtained a LONO from DEA are at risk of DEA, at its discretion, inspecting, seizing, and

condemning their Ephedrine.  They may also be prosecuted and fined.

17.     Those who import Ephedrine for use in OTC pharmaceuticals who have not

obtained a LONO from DEA may be prosecuted by Defendants, and, if convicted, incarcerated.

18.     On September 25, 2006, Novelty, through its agent Spirit Pharmaceuticals, LLC

("Spirit"), applied for a LONO from the DEA, as required, for prospective import of Ephedrine.

The Ephedrine was intended for use in OTC pharmaceuticals for sale in convenience stores

serviced by Novelty.  DEA refused to issue the LONO, sending instead a letter dated October 10,

2006 deeming the import unlawful due to an unspecified generalized threat of downstream

diversion.  See Exhibits A and B.

19.     Spirit imports Ephedrine for Novelty's manufacturer AAA Pharmaceutical, Inc.

("AAA").  Novelty directed Spirit to request a LONO for the import shipments, which were to be

used in the manufacturing of Novelty's products.

20.    DEA presumes convenience stores, including those serviced by Novelty, venues at high risk of diversion to the illicit drug trade, without any credible empirical evidence to support that conclusion.

21.    DEA presumes grocery store and pharmacies venues at low risk of diversion to the illicit drug trade without any credible empirical evidence to support the conclusion that grocery stores and pharmacies are at lesser risk of diversion than convenience stores.

22.    DEA presumes that most, if not all, convenience store sales of products containing Ephedrine or pseudoephedrine will be diverted for illicit uses.

23.    DEA presumes that purchasers of OTC products containing Ephedrine for legitimate cold or cough purposes only purchase those products at grocery and pharmacy establishments.

## CAUSE OF ACTION I: DEA VIOLATED APA'S NOTICE-AND-COMMENT RULE-MAKING REQUIREMENT

24.    Paragraphs 1 through 23 are incorporated here by reference.

25.    DEA's LONO procedure and criteria are legislative rules that define Novelty's, and all similarly situated parties', rights to import, and obligations concerning import of, Ephedrine for use in OTC pharmaceuticals and for sale in convenience stores.

26.    DEA's LONO procedure and criteria apply to all parties who wish to import Ephedrine into the United States.

27.    Failure to satisfy DEA's LONO procedure and criteria results in investigations, seizure of product, condemnation of product, and penalties, including potential criminal liability.

28.    DEA has adopted a LONO pre-import notice procedure for Ephedrine. That legislative rule was adopted without compliance with the notice-and-comment rule-making requirements of the Administrative Procedure Act (APA). See 5 U.S.C. § 553.

6

29.     DEA has adopted LONO criteria by which it denies all LONO requests for import of Ephedrine to be manufactured into pharmaceuticals sold through convenience stores. That legislative rule was adopted without compliance with the notice-and-comment rule-making requirements of the APA. 5 U.S.C. § 553.

30.     Novelty is a party aggrieved by DEA's violation of the APA's notice-and-comment rule-making requirement because Novelty's planned importation of Ephedrine for use in OTC pharmaceuticals to be sold at convenience stores has been blocked by DEA's refusal to grant a LONO.

31.     By imposing the LONO procedure and criteria against Novelty without compliance with the notice-and-comment procedures of 5 U.S.C. § 553, DEA has violated the APA.

32.     By denying importation of all Ephedrine destined for sale in convenience stores serviced by Novelty without compliance with the notice-and-comment procedures of 5 U.S.C. § 553, DEA has violated the APA.

## CAUSE OF ACTION II: DEA VIOLATED THE APA BY ESTABLISHING AN ARBITRARY AND CAPRICIOUS SUBSTANTIVE RULE CATEGORICALLY PROHIBITING IMPORT OF OTC EPHEDRINE FOR CONVENIENCE STORE SALE

33.     Paragraphs 1 through 32 are incorporated here by reference.

34.     DEA presumes without credible evidence that convenience stores are a greater risk of diversion than pharmacies and grocery stores.

35.     DEA refuses to issue LONO's for any importer whose OTC Ephedrine containing products are to be sold through convenience stores but issues LONO's to importers whose OTC Ephedrine products are to be sold through pharmacies and grocery stores.

36.    DEA's discriminatory allowance of LONO's in pharmacy and grocery store sales of OTC Ephedrine and disallowance of LONO's for convenience store sales of OTC Ephedrine are arbitrary and capricious agency actions in violation of the Administrative Procedure Act, 5 U.S.C. § 706.

## RELIEF REQUESTED

37.    Wherefore, Novelty asks this Honorable Court to declare pursuant to 28 U.S.C. § 2201:

a.    The LONO procedure and criteria for Ephedrine imports are legislative rules that DEA failed to adopt pursuant to notice-and-comment rule-making as required by the Administrative Procedure Act, 5 U.S.C. § 553;

b.    DEA's denial of Novelty's LONO requests for sale of OTC Ephedrine pharmaceuticals through convenience stores is invalid because it is pursuant to a legislative rule that DEA failed to adopt in accordance with the notice-and-comment rule-making required by the Administrative Procedure Act, 5 U.S.C. § 553;

c.    The LONO procedure and criteria for Ephedrine imports that the DEA imposed upon Novelty violated the Administrative Procedure Act, 5 U.S.C. § 553;

d.    DEA's allowance of LONO's for pharmacy and grocery store sale of OTC Ephedrine and disallowance of LONO's for convenience store sale of OTC Ephedrine are arbitrary and capricious agency actions in violation of the Administrative Procedure Act, 5 U.S.C. § 706; and

e.   The LONO procedure and criteria for Ephedrine imports are invalid, void, and
of no further force or effect.

38.    Wherefore, Novelty asks this Court to enjoin DEA preliminarily and permanently
from enforcing the LONO procedure and criteria for Ephedrine imports because:

a.   Novelty is reasonably likely to succeed in proving that the LONO procedure
and criteria for Ephedrine imports are legislative rules adopted without notice-
and-comment rule-making in violation of the Administrative Procedure Act, 5
U.S.C. § 553.

b.   Novelty is reasonably likely to succeed in proving that DEA's allowance of
LONO's for pharmacy and grocery store sale of OTC Ephedrine but
disallowance of convenience store sale of OTC Ephedrine are arbitrary and
capricious agency actions in violation of the Administrative Procedure Act, 5
U.S.C. § 706(2)(A).

c.   Novelty does not have an adequate remedy at law if the DEA continues to
refuse to issue Novelty's LONO requests, resulting in the destruction of
Novelty's OTC pharmaceutical market.

d.   Novelty will suffer irreparable harm as there is no adequate remedy at law.

e.   There is no harm in requiring DEA to fulfill its legal duty and comply with the
statutory requirements of the APA.  The harm to Novelty from the destruction
of its pharmaceutical business greatly outweighs any *de minimus* burden on
DEA resulting from DEA's satisfaction of its legal duty to comply with the
APA's requirements.

f.  Public policy favors issuance of an injunction against the DEA as the LONO procedure and criteria for Ephedrine imports violates the APA.

g.  Accordingly, Novelty is entitled to an injunction against the DEA's enforcement of the unlawful LONO procedure and criteria for Ephedrine imports.

## TRIAL WITHOUT A JURY REQUESTED

39.  Plaintiff respectfully requests a trial without a jury pursuant to 28 U.S.C. § 2404.

Respectfully submitted,

NOVELTY INC.,

By:  Jonathan W. Emord (DC Bar 407414)
     Andrea G. Ferrenz (DC Bar 460512)
     Katie Bond
     Robert G. Morley
     Attorneys for Plaintiff

Emord and Associates, P.C.
1800 Alexander Bell Dr.
Suite 200
Reston, VA 20191
Telephone: 202-466-6937
Fax: 202-466-6938
jemord@emord.com

Date submitted: January 29, 2007

**U. S. Department of Justice**
Drug Enforcement Administration

---

*www.dea.gov*                 Washington, D.C.  20537

Mr. Arun R. Heble
Spirit Pharmaceuticals, LLC                    OCT 1 0 2006
225 Lincoln Hwy, Suite 179
Fairless Hills, PA 19030

Dear Mr. Heble:

    Reference is made to your request for the Drug Enforcement Administration (DEA) to issue a Letter of No-Objection (LONO) to the competent authority in the country of export for the following proposed importations:

| | |
|---|---|
| Date of DEA-486 | September 25, 2006 |
| Listed Chemical | Ephedrine  2000 Kg |
| Date of proposed importation | October 28, 2006 |
| DEA Control # | 5042393 |
| PO # | 22773 |
| | |
| Date of DEA-486 | September 25, 2006 |
| Listed Chemical | Ephedrine  200 Kg |
| Date of proposed importation | October 28, 2006 |
| DEA Control # | 5042394 |
| PO # | 22774 |

    This letter is written confirmation that it is DEA's intent not to issue a LONO in the referenced importation matter.  DEA has thoroughly reviewed the proposed utilization of the planned Listed Chemical importation.  DEA has grounds to believe that the proposed importation may be subject to diversion to the illicit market by the downstream distribution system and, as such is declining to sign a LONO for this importation.

    There are three options available to you as the registered importer:

1.  withdraw the request for a LONO and cancel the Import Declaration (DEA Form 486) by FAXING the request to OED at (202)307-7464;

2.  take no action, and 30 days from the date of this notice DEA will deem your lack of further contact as a request to withdraw the Import Declaration and LONO request;

3.  indicate in writing, within the 30 days, your desire to pursue the importation further.

If you desire to pursue the importation further, DEA will order the suspension of the shipment pursuant to Title 21, United States Code, Section 971 (c)(1). DEA will send you a notice of the suspension. The notice of suspension will list the legal and factual basis supporting the suspension. Upon ordering the suspension of shipment, in accordance with Title 21, United States Code, Section 971 (c)(2), an administrative hearing will be held as long as you request the hearing, in writing within 30 days from the day you are served with the notice of suspension. If you request a hearing, it will be held not later that 45 days after your request is made, unless you specifically request the hearing be held at a later time.

If you have any questions, please feel free to contact Staff Coordinator Darrell Meador, Office of Enforcement Operations, Dangerous Drugs and Chemicals Section, at (202) 307-4948.

Sincerely,

Alan G. Santos, Chief
Office of Enforcement Operations
Dangerous Drugs and Chemicals Section

cc: DEA Philadelphia Division
    Attn: DPM Ann Carter

# SPIRIT PHARMACEUTICALS, LLC.

225 LINCOLN HIGHWAY, Suite 179, FAIRLESS HILLS, PA 19030
PH.# (215)943 4000   FAX.#(215)943 4039

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| To:  Harry McFadden | Fax No.: 202-307-4702 *(7503)* |
| DEA | Tel.No.  202-307-4761 |
| From :  *ARUN HEBLE* | Date:  9,25-06 |
| Re: Ephedrine HCl | Pages:  1+5=6 |
| cc AAA Pharmaceuticals | PO#22773 for 2000 kg |
| | PO#22774 fr 200 kg |

( ♦ Urgent )   ( ♦ For Review )   ♦ Please Comment   ( ♦ Please Reply )   ♦ Please Recycle

Dear ~~Harry~~,

    We are faxing you the following documents to request

a LONO for the above captioned listed chemical.

1. Completed DEA Form 486

2. Purchase order from the customer: AAA Pharmaceuticals Inc
   Contact: Mr Tej Shelb
        Tel: 856-423-2700 X202

3. DEA registration of the customer.

   Please call me if you have any questions.

Best regards,

                    Sincerely,

                    Arun R. Heble
                    Cell# 215-869-2493

**U.S. Department of Justice**
Drug Enforcement Administration

**IMPORT/EXPORT DECLARATION**
Precursor and Essential Chemicals

OMB Approval
No. 1117-0023

SEE REVERSE FOR INSTRUCTIONS AND PRIVACY ACT.

**U.S. CUSTOMS CERTIFICATION**

1. CHECK ONE:   [✓] IMPORT DECLARATION    [ ] EXPORT DECLARATION

Date of Departure/Arrival

1a. IMPORTER/EXPORTER (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.)

1b. BROKER OR FORWARDING AGENT, IF USED (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.)

Name of Carrier/Vessel

SPIRIT PHARMACEUTICALS, LLC.
225 LINCOLN HWY. SUITE 179
FAIRLESS HILLS, PA 19030
PH.# 215-943-4000  DEA # 006065SRX

EXPEDITORS INTERNATIONAL, INC.
870 ASHLAND AVE
FOLCROFT, PA 19032
PH.# 610-534-2590

Date of Certification

Signature of Customs Official

1c. I CERTIFY THAT THE 15-DAY ADVANCE NOTICE REQUIREMENT HAS BEEN WAIVED   [ ] Check if applicable

**2. LISTED CHEMICALS TO BE IMPORTED/EXPORTED**

| 2a. Name and Description of Chemical appearing on label or container | 2b. Name of Chemical as designated by Title 21 C.F.R. 1310.02 | 2c. Number of containers, size, net weight of each chemical (Kg.) | 2d. Gross Weight of each item (Kg.) |
|---|---|---|---|
| EPHEDRINE HCl | EPHEDRINE HCl | 25X80=2000KGS NET WT. | 27.5X80=2200KGS GROSS WT. |
| | P.O.# 22773 AAA PHARMACEUTICAL, INC | | |

3a. [✓] FOREIGN  [ ] DOMESTIC PORT OF EXPORTATION (last U.S. Customs Port) AND APPROX. DEPARTURE DATE

3b. [ ] FOREIGN  [✓] DOMESTIC PORT OF IMPORTATION (first U.S. Customs Port) AND APPROX. ARRIVAL DATE

MUMBAI, INDIA    OCTOBER 25, 2006

PHILADELPHIA, PA    OCTOBER 28, 2006

4a. MODE OF TRANSPORT; NAME OF VESSEL, CARRIER

4b. NAME OF ALL INTERMEDIATE CARRIERS

BY AIR

5a. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF FOREIGN CONSIGNEE/CONSIGNOR

5b. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF ALL INTERMEDIATE CONSIGNEES

EMMELLEN BIOTECH PHARMACEUTICALS LTD.
503 SENTINEL, 5th FLOOR, CENTRAL AVE.RD.
HIRNANDANI GARDENS, POWAI, MUMBAI-400 076
PH.# 011-91-22-56797200

SIGNATURE OF AUTHORIZED INDIVIDUAL ( Print or Type Name below Signature)

(ARUN R.HEBLE)

DATE

09.25.06

NAME OF FIRM

SPIRIT PHARMACEUTICALS, LLC.
DEA # 006065SRX

DEA Form
(Jun 1989) — 486

Copy 1

Ordered By:

AAA Pharmaceutical, Inc.
157-160 West Jefferson Street
P.O. Box 22
Paulsboro, NJ 08066-0022

Phone: (856) 423-2700    Fax: (856) 423-2808

# PURCHASE ORDER

Purchase Order Number:
22773

Date Issued:
Sep 25, 2006

Page:
1

To:

SPIR001

Spirit Pharmaceuticals, LLC
225 Lincoln Highway
Suite #179
Fairless Hills, PA 19030
DEA 006065SRX

Phone: (215) 943-4000    Fax: (215) 943-4039

Ship to:

157-160 West Jefferson Street
P.O. Box 22
Paulsboro, NJ 08066-0022

| Ship Via | Account No. | Terms |
|---|---|---|
| FOB Delivered | | 1% 10, Net 30 Days |

| Item | Description | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| RAW01000 | L-Ephedrine Hydrochloride, USP | Kg | 2,000.00 | | |

**FOR ALL SHIPMENTS:**    Double-Stacked Pallets Will Be Returned at Seller's Expense.

**FOR PHARMACEUTICAL RAW MATERIALS:**    Items Shipped from Multiple Lots will be Returned at Seller's Expense; Items Must All be from the Same Lot. A Valid Certificate of Analysis for Each Raw Material Must Accompany Shipment.

TOTAL

Authorized Signature

AAA PHARMACEUTICAL, INC
157-160 WEST JEFFERSON STREET

PAULSBORO          NJ      08066 - 0000



DOMESTIC CHEMICAL DIVERSION CONTROL REGISTRATION CERTIFICATE
UNITED STATES DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION
WASHINGTON, D.C. 20537

| DEA REGISTRATION NUMBER | THIS REGISTRATION EXPIRES | FEE PAID |
|---|---|---|
| 001253AAW | 06-30-2007 | PAID |

| BUSINESS ACTIVITY | ISSUE DATE |
|---|---|
| CHEMICAL MANUFACTURER | 06-06-2006 |

AAA PHARMACEUTICAL, INC
157-160 WEST JEFFERSON STREET

PAULSBORO          NJ      08066-0000

Sections 304 and 1008 of the Controlled Substances Act of 1970, as amended, provide that the Attorney General may revoke or suspend a registration to manufacture, distribute, import or export a List 1 chemical.

THIS CERTIFICATE IS NOT TRANSFERABLE ON CHANGE OF OWNERSHIP, CONTROL, LOCATION, OR BUSINESS ACTIVITY, AND IT IS NOT VALID AFTER THE EXPIRATION DATE.

Form DEA-511 (705)

# SPIRIT PHARMACEUTICALS, LLC.

### 225 LINCOLN HIGHWAY, Suite 179, FAIRLESS HILLS, PA 19030
### PH.# (215)943 4000   FAX.#(215)943 4039

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| To:  Harry McFadden | Fax No.: 202-307-4702  (7503) |
| DEA | Tel.No.  202-307-4761 |
| From :  *ARUN HEBLE* | Date: 9,25-06 |
| Re: Ephedrine HCl | Pages: 1+5=6 |
| cc AAA Pharmaceuticals. | PO#22773 for 2000Fg |
| | PO#22774 for 200Fg |

( Urgent )    ( For Review )    ♦ Please Comment    ( ♦ Please Reply )    ♦ Please Recycle

Dear Harry,

We are faxing you the following documents to request

a LONO for the above captioned listed chemical.

1.Completed DEA Form 486

2.Purchase order from the customer: AAA Pharmaceuticals Inc
Contact: Mr Tej Sheth
Tel: 856-423-2700 x202

3.DEA registration of the customer.

Please call me if you have any questions.

Best regards,

Sincerely,

Arun R. Heble
Cell# 215-869-2493

**U.S. Department of Justice**
Drug Enforcement Administration

**IMPORT/EXPORT DECLARATION**
Precursor and Essential Chemicals

OMB Approval
No. 1117-0023

## SEE REVERSE FOR INSTRUCTIONS AND PRIVACY ACT.

| | | U.S. CUSTOMS CERTIFICATION |
|---|---|---|
| 1. CHECK ONE: [✓] IMPORT DECLARATION    [ ] EXPORT DECLARATION | | |

| | | |
|---|---|---|
| 1a. IMPORTER/EXPORTER (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.)<br><br>SPIRIT PHARMACEUTICALS, LLC.<br>225 LINCOLN HWY. SUITE 179<br>FAIRLESS HILLS, PA 19030<br>PH.# 215-943-4000  DEA # 006065SRX | 1b. BROKER OR FORWARDING AGENT, IF USED (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.)<br><br>EXPEDITORS INTERNATIONAL, INC.<br>870 ASHLAND AVE<br>FOLCROFT, PA 19032<br>PH.# 610-534-2590 | Date of Departure/Arrival<br><br>Name of Carrier/Vessel<br><br>Date of Certification<br><br>Signature of Customs Official |

1c. I CERTIFY THAT THE 15-DAY ADVANCE NOTICE    [ ] Check if applicable
REQUIREMENT HAS BEEN WAIVED

## 2. LISTED CHEMICALS TO BE IMPORTED/EXPORTED

| 2a. Name and Description of Chemical appearing on label or container | 2b. Name of Chemical as designated by Title 21 C.F.R. 1310.02 | 2c. Number of containers, size, net weight of each chemical (Kg.) | 2d. Gross Weight of each item (Kg.) |
|---|---|---|---|
| EPHEDRINE HCl | EPHEDRINE HCl | 25X80=2000KGS NET WT. | 27.5X80=2200KGS GROSS WT. |
| | P.O.# 22773<br>AAA PHARMACEUTICAL, INC | | |

| | |
|---|---|
| 3a. [✓] FOREIGN  [ ] DOMESTIC PORT OF EXPORTATION (last U.S. Customs Port) AND APPROX. DEPARTURE DATE<br><br>MUMBAI, INDIA        OCTOBER 25, 2006 | 3b. [ ] FOREIGN  [✓] DOMESTIC PORT OF IMPORTATION (first U.S. Customs Port) AND APPROX. ARRIVAL DATE<br><br>PHILADELPHIA, PA      OCTOBER 28, 2006 |
| 4a. MODE OF TRANSPORT; NAME OF VESSEL, CARRIER<br><br>BY AIR | 4b. NAME OF ALL INTERMEDIATE CARRIERS |
| 5a. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF FOREIGN CONSIGNEE/CONSIGNOR<br><br>EMMELLEN BIOTECH PHARMACEUTICALS LTD.<br>50J SENTINEL, 5th FLOOR, CENTRAL AVE.RD.<br>HIRNANDANI GARDENS, POWAI, MUMBAI-400 076<br>PH.# 011-91-22-56797200 | 5b. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF ALL INTERMEDIATE CONSIGNEES |

| SIGNATURE OF AUTHORIZED INDIVIDUAL ( Print or Type Name below Signature)<br><br>*OAAebr*<br><br>(ARUN R. HEBLE) | DATE<br><br>09.25.06 | NAME OF FIRM<br><br>SPIRIT PHARMACEUTICALS, LLC.<br>DEA # 006065SRX |
|---|---|---|

DEA Form — 486
(Jun 1989)

Copy 1

Nov 01 06 01:51p    AAA Pharmaceutical Inc     (856) 423 2808    p.6
Sep 25 06 09:05a    AAA Pharmaceutical Inc

**AAA**

Ordered By:

AAA Pharmaceutical, Inc.
157-160 West Jefferson Street
P.O. Box 22
Paulsboro, NJ 08066-0022

Phone: (856) 423-2700      Fax: (856) 423-2808

# PURCHASE ORDER

Purchase Order Number:
22773

Date Issued:
Sep 25, 2006

Page:
1

To:

SPIR001

Spirit Pharmaceuticals, LLC
225 Lincoln Highway
Suite #179
Fairless Hills, PA 19030
DEA 006085SRX
Phone: (215) 943-4000      Fax: (215) 943-4039

Ship to:

157-160 West Jefferson Street
P.O. Box 22
Paulsboro, NJ 08066-0022

| Ship Via | Account No. | Terms |
|---|---|---|
| FOB Delivered | | 1% 10, Net 30 Days |

| Item | Description | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| RAW01000 | L-Ephedrine Hydrochloride, USP | Kg | 2,000.00 | | |

FOR ALL SHIPMENTS:      Double-Stacked Pallets Will Be Returned at Seller's Expense.

FOR PHARMACEUTICAL      Items Shipped from Multiple Lots will be Returned at Seller's Expense; Items
RAW MATERIALS:          Must All be from the Same Lot. A Valid Certicificate of Analysis for Each Raw
                        Material Must Accompany Shipment.

TOTAL

Authorized Signature

AAA PHARMACEUTICAL, INC
157-160 WEST JEFFERSON STREET

PAULSBORO        NJ    08066 - 0000



DOMESTIC CHEMICAL DIVERSION CONTROL REGISTRATION CERTIFICATE
UNITED STATES DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION
WASHINGTON, D.C. 20537

| DEA REGISTRATION NUMBER | THIS REGISTRATION EXPIRES | FEE PAID |
|---|---|---|
| 001253AAW | 06-30-2007 | PAID |

| BUSINESS ACTIVITY | ISSUE DATE |
|---|---|
| CHEMICAL MANUFACTURER | 06-06-2006 |

Sections 304 and 1008 of the Controlled Substances Act of 1970, as amended, provide that the Attorney General may revoke or suspend a registration to manufacture, distribute, import or export a List 1 chemical.

AAA PHARMACEUTICAL, INC
157-160 WEST JEFFERSON STREET

PAULSBORO        NJ        08066-0000

Form DEA-511 (7/05)

THIS CERTIFICATE IS NOT TRANSFERABLE ON CHANGE OF OWNERSHIP, CONTROL, LOCATION, OR BUSINESS ACTIVITY, AND IT IS NOT VALID AFTER THE EXPIRATION DATE.

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Novelty, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Hancock Cty., IN
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Emord & Associates, P.C.
1800 Alexander Bell Drive
Suite 200
Reston, VA 20191
(202) 466-6937

## DEFENDANTS

Karen Tandy (official capacity); U.S. DEA; Alberto R. Gonzales (official capacity); U.S. DOJ; United States of America

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

Unknown

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**● C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)**  OR  **○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Defendants' "Letter of No Objection" requirement violates the Administrative Procedure Act, 5 USC § 553 and 5 USC § 706(2)(A).

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** [_____]   Check YES only if demanded in complaint

**JURY DEMAND:** YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐   NO ☒   If yes, please complete related case form.

DATE _January 29, 2007_   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.