# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **NOVELTY, INC.,**<br>**351 W. Muskegen Drive**<br>**Greenfield IN 46140,**<br><br>        **Plaintiff,**<br><br>  **v.**<br><br>**KAREN TANDY, in her official capacity as**<br>**Administrator, U.S. DRUG ENFORCEMENT**<br>**ADMINISTRATION,**<br>**Mailstop: AES**<br>**2401 Jefferson Davis Highway**<br>**Alexandria, VA 22301;**<br><br>**US DRUG ENFORCEMENT**<br>**ADMINISTRATION,**<br>**Mailstop: AES**<br>**2401 Jefferson Davis Highway**<br>**Alexandria, VA 22301;**<br><br>**ALBERTO R. GONZALEZ, in his**<br>**Official capacity as Attorney General,**<br>**U.S. DEPARTMENT OF JUSTICE**<br>**950 Pennsylvania Avenue, NW**<br>**Washington DC 20530-0001;**<br><br>**U.S. DEPARTMENT OF JUSTICE,**<br>**950 Pennsylvania Ave., NW**<br>**Washington, DC 20530-0001;**<br><br>**UNITED STATES OF AMERICA,**<br><br>        **Defendants.** | **Case No. 1:07-cv-00191-RBW**<br>**Judge Reggie B. Walton** |

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Novelty, Inc. ("Novelty") hereby submits this Complaint for Declaratory and

Injunctive Relief against Defendants for violation of the Due Process Clause of the Fifth

Amendment to the U.S. Constitution and for violation of the Administrative Procedure Act, 5

U.S.C. §§ 553 and 706. DEA has refused to grant Novelty, Inc. (a distributor of List 1 chemicals) a hearing on DEA's denial of Novelty's request (made through its agent Spirit Pharmaceuticals, LLC ("Spirit")) for DEA issuance of a letter of no objection (LONO) concerning a shipment of ephedrine to be manufactured into Novelty's tablet products. Novelty has been deprived of its liberty to import that ingredient, manufacture it into over-the-counter (OTC) drugs, and sell those OTC drug products without due process of law. Under the CSA, Novelty is a regulated party with an interest in its shipment and that shipment has been effectively blocked by DEA from importation. The harm to Novelty's business and its business reputation, the stigmatizing effect of the denial, and the substantive effect of precluding Novelty from engaging in core aspects of its business harm Novelty's protected liberty and property interests under the Fifth Amendment without the required due process of law. Novelty has the right to a hearing to contest that denial under the protections of the Fifth Amendment and the CSA. 21 U.S.C. § 971. Moreover the denial of that LONO request is unsupported by substantial evidence and is arbitrary, capricious, an abuse of discretion and not in accordance with law in violation of the APA, 5 U.S.C. § 706.

Moreover, DEA's LONO pre-import notice procedure and criteria for banning OTC Ephedrine[1] imports for convenience store sale have been adopted and imposed without advance notice in the Federal Register and without affording an opportunity for comment from the public, thus violating the APA, 5 U.S.C. § 553. In addition, DEA's prohibition on imports of Ephedrine-containing OTC products for convenience store sale on the uncorroborated basis that all convenience stores are sources of diversion to the illicit drug trade constitutes arbitrary and capricious agency action in violation of the APA, 5 U.S.C. § 706(2)(A).

Novelty requests preliminary and permanent injunctive relief and a declaratory judgment.

---

[1] As used herein, the term "Ephedrine" refers to both ephedrine hydrochloride and pseudoephedrine.

## PARTIES

1.      **Novelty, Inc.**  Novelty, Inc. ("Novelty") is an Indiana corporation with its principal place of business in Greenfield, Indiana.  Novelty distributes and sells a wide array of commercial goods to convenience stores throughout the United States, including sunglasses, lighters, key chains, plush toys, and OTC pharmaceuticals.  Novelty services over 14,000 convenience store clients nationwide.  Among the pharmaceuticals sold and distributed by Novelty to convenience stores are OTC blister packs and single dose packages containing ephedrine (a bronchodilator) and guaifenesin (an expectorant).  Novelty also sells OTC products containing pseudoephedrine, a nasal dilator.  The distribution and sale of those OTC pharmaceuticals accounts for approximately 15% of Novelty's annual revenue.

2.      **Karen Tandy.**  The Defendant Karen Tandy is sued in her official capacity only.  She is the Administrator of the U.S. Drug Enforcement Administration, an agency of the U.S. Department of Justice.

3.      **U.S. Drug Enforcement Administration.**  The Defendant U.S. Drug Enforcement Administration ("DEA") is an agency of the U.S. Department of Justice charged with enforcing the controlled substances laws and regulations of the United States.

4.      **Alberto R. Gonzales.**  Alberto R. Gonzales is the Attorney General of the United States.  He is sued in his official capacity only.  He is the head of the Department of Justice and the chief law enforcement officer of the United States.

5.      **U.S. Department of Justice.**  The U.S. Department of Justice ("DOJ") is the department of the executive branch of the United States charged with the duty of enforcing laws and regulations of the United States.  The DEA is a part of the DOJ.

## JURISDICTION AND VENUE

3

6.      This Court has jurisdiction over this action under 21 U.S.C. §§1331; 1346. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

7.      Ephedrine is approved by the Food and Drug Administration ("FDA") as an active ingredient for sale in OTC cold and cough remedies.  21 C.F.R. § 341.16.

8.      Ephedrine is regulated by the DEA under the Controlled Substances Act (CSA) as a List 1 chemical (21 U.S.C. § 826; 21 C.F.R. §1310.02), under the Comprehensive Methamphetamine Control Act of 1996 ("CMCA"), 21 U.S.C. § 802, et seq., and under the Methamphetamine Anti-Proliferation Act of 2000 ("MAPA"), Pub. L. No. 106-310, 114 Stat. 1277 (2000), and their respective implementing regulations.  More recently, Congress added restrictions on Ephedrine in the USA Patriot Improvement and Reauthorization Act of 2005, Title VII, entitled "Combat Methamphetamine Epidemic Act of 2005" ("CMEA"), Pub. L. No. 109-177 (enacted on March 9, 2006 amending the CSA).

9.      The CSA requires each regulated person who imports a listed chemical to notify the Attorney General of the importation no later than 15 days *before* the transaction is to take place.  21 U.S.C. § 971(a).

10.      The CSA states that the Attorney General may order the suspension of any import or export of a listed chemical on the ground that the chemical may be diverted to the illicit manufacture of a controlled substance.  From and after the time when the Attorney General provides to the regulated person written notice of the order (including a statement of its legal and factual basis), the regulated person may not lawfully carry out the transaction.  21 U.S.C. § 971(c).

11.    DEA requires each company wishing to import Ephedrine to request in writing a Letter of No Objection (LONO) from the DEA and refrain from importing the ephedrine until receipt of that LONO.

12.    Upon receipt of a request for a LONO, DEA either issues one, stating that it does not object to the Ephedrine import, or issues a letter declining to grant permission for importation. In its letters denying LONOs, DEA presents a brief, conclusory basis for the denial (stating that the import "may be subject to diversion to the illicit market by downstream distribution…"). See Exhibit A. Only if an importer responds to the denial letter in writing, stating its desire to appeal the denial, will DEA provide a more detailed justification for its denial. Id.

13.    The DEA's procedure and criteria for assessing LONO requests have never been iterated in formal rules, have never been published as proposed rules in the Federal Register, and have never been the subject of public comment before their adoption and implementation. In 1994, as part of an anti-drug initiative among several nations and the United Nations' International Narcotics Control Board ("INCB"), some exporting countries began to decline to export Ephedrine unless the importing country provided a LONO. In response to the initiative, DEA implemented its LONO procedure and criteria. At some unknown point, DEA began to require all companies importing Ephedrine into the United States to request a LONO letter and began systematically refusing to issue LONO's to companies importing Ephedrine for OTC convenience store sales.

14.    DEA adopted the requirement of a LONO as a condition precedent for lawful import of Ephedrine to the United States without following the familiar notice-and-comment rule-making procedures specified in the Administrative Procedure Act (APA), 5 U.S.C. § 553.

15.    DEA considers unlawful any import of Ephedrine for use in OTC pharmaceuticals unless a LONO is sought from DEA and obtained in advance of import.

16.    Those who import Ephedrine for use in OTC pharmaceuticals who have not obtained a LONO from DEA proceed at risk of prosecution.  The DEA, at its discretion, may inspect, seize, and condemn their Ephedrine.  Those who import Ephedrine without a LONO from DEA may also be prosecuted, fined, and incarcerated.  21 U.S.C. §§ 841-863.

17.    On September 25, 2006, Novelty, through its agent Spirit, applied for a LONO from the DEA, as required, for prospective import of Ephedrine.  The Ephedrine was intended for use in OTC pharmaceuticals for sale in convenience stores serviced by Novelty.  DEA refused to issue the LONO, sending instead a denial letter dated October 10, 2006, deeming the import unlawful due to an unspecified, generalized threat of downstream diversion.  See Exhibits A and B.

18.    Spirit imports Ephedrine for Novelty's manufacturer AAA Pharmaceutical, Inc. ("AAA").  Novelty directed Spirit to request a LONO for the import shipments, which were to be used in Novelty's tablet OTC products.

19.    After their manufacture, Novelty distributes its OTC products through its own closed system of trucks and drivers.  It does not distribute its products through any other party.  It sells directly to convenience stores that agree to Novelty's closed system requirements.  Inventory and sales are thoroughly documented, monitored, and tracked by Novelty.  None of Novelty's Ephedrine products have been found in the illicit drug trade.

20.    As a distributor of listed chemicals, Novelty is a "regulated person" under 21 U.S.C. § 802(38).

6

21.    On November 2, 2006, by letter, Novelty informed DEA that it intended to pursue the importation of denial of the LONO for two shipments.  Exhibit C.

22.    Since that letter Novelty has learned that one of those shipments (Spirit PO# 22774) was not for Novelty but was for another Spirit customer.  Novelty did not intend to pursue, and will not pursue, the importation of that other customer's shipment.

23.    Novelty filed the original complaint in this case on January 29, 2007.

24.    In Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment, filed April 10, 2007 (hereinafter "Defendants' Motion"), DEA explains that it does not recognize that Novelty has an independent right to a hearing.  Rather, DEA presumes that right contingent on whether Spirit will seek a hearing, in which case DEA would *consider* whether it would grant Novelty a right to "intervene."  Defendants' Motion at 10.

25. In Defendants' Motion, DEA states its reason for the LONO denial to be in pertinent part that Novelty sells tablet form Ephedrine in convenience stores in Kentucky and Tennessee where tablet form sale is illegal.  Meador Affidavit at 10, ¶ 17-18.  That representation to this court is utterly and completely false.  In fact, Novelty does not sell tablet form Ephedrine in Kentucky and Tennessee.  Gel capsule form Ephedrine products are legally saleable via convenience stores in those states within dose limitations, and Novelty only sells the gel form in those states in accordance with the dose limits prescribed.  Indeed, Novelty strictly adheres to all state law ephedrine form and dosing restrictions.

26. In Defendants' Motion, DEA also contends that Plaintiff intends to sell to "gray market" retailers (convenience stores and gas stations), implying that the stores to which Plaintiff sells are either in or associated with the illicit drug trade.  Id. at 8, ¶13 and 10, ¶18.  Novelty sells

only to stores that it has screened to ensure that they have no history of illicit diversion and consistently abide by Novelty's closed system requirements.

27. All of DEA's reasons for denial of the LONO request concern Novelty and its customers. No facts alleged for the denial concern Spirit.

28. As stated in Defendants' Motion, DEA sent Spirit a letter dated April 10, 2007, and some of its content appeared in the October, 10, 2006 letter. Exhibit D. The April 10, 2007 letter references the October 10, 2006 letter stating:

> We previously contacted you by letter dated October 10, 2006. At that time, you were informed that in order to pursue the requested importation, you would have to contact the agency. Because we received no correspondence within the required 30 days, we have considered your request to be withdrawn. At this time, however, we are re-contacting you to make certain that your intent is that you do not wish to pursue the import requests. There are now two options available to you as the registered importer:
>
> * * *
>
> 2.      Indicate in writing, within five (5) days from the date of this notice, your desire to pursue the importation further. If you elect this option or fail to respond to this notice within five (5) days, DEA will order the suspension of the shipment pursuant to Title 21, United States Code, Section 971(c)(1).

25.      DEA's April 10, 2007 letter makes no mention of Novelty or of Novelty's November 2, 2006 letter.

26.      DEA did not send any letter to Novelty or otherwise respond to Novelty's November 2, 2006 letter.

27.      Without the shipment DEA has denied, Novelty is unable to replenish its supply of tablet Ephedrine products at a competitive price and will lose its market share. That will result in substantial economic injury to Novelty and will require the company to change its employment, employee benefit, purchasing, and inventory practices.

28.     Without the shipment DEA has denied, Novelty will lose convenience store customers as it experiences supply shortages of tablet Ephedrine products. That will result in substantial economic injury to Novelty.

29.     Denying Novelty, through its agents, the ability to import Ephedrine for manufacture into finished OTC products causes stigmatizing harm and irreparable injury to Novelty's reputation.

30.     DEA presumes convenience stores, including those serviced by Novelty, venues at high risk of diversion to the illicit drug trade, without any credible empirical evidence to support that conclusion.

31.     DEA presumes grocery store, pharmacies, and "big box" stores (such as Wal-Mart) venues at low risk of diversion to the illicit drug trade without any credible empirical evidence to support the conclusion that conclusion.

32.     DEA presumes that most, if not all, convenience store sales of OTC products containing Ephedrine will be diverted for illicit uses.

33.     DEA presumes that purchasers of OTC products containing Ephedrine for legitimate cold or cough purposes only purchase those products at grocery and pharmacy establishments, not at convenience stores.

## CAUSE OF ACTION I:  DEA VIOLATED THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT

34.     Paragraphs 1 through 33 are incorporated here by reference.

35.     Novelty has a protected liberty interest in the Ephedrine shipment, in OTC manufacture of that shipment into OTC products, and into distribution and sale of those OTC finished products to its convenience store customers.

9

36.     Novelty has a legitimate claim of entitlement to the Ephedrine shipment in light of the fact that there is no credible risk of diversion for that shipment and Novelty's List 1 chemical products have no history of diversion.

37.     Novelty has a protected liberty interest in selling and distributing its Ephedrine products and in avoiding injury to its extant business, damage to its business reputation, and all related harms caused by DEA's stigmatizing suspension.

38.     DEA's denial of the shipment, and future imports, will preclude Novelty from selling its OTC Ephedrine products and will cause it to lose up to 15% of its revenue.

39.     Defendants' denial of the LONO to import that OTC Ephedrine shipment has deprived Novelty of those liberty and property interests.

40.     Defendants' have refused Novelty's use of the procedural protections of 21 U.S.C. § 971 to challenge the LONO denial in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

## CAUSE OF ACTION II:  DEA'S DENIAL WAS NOT BASED ON SUBSTANTIAL EVIDENCE AND WAS ARBITRARY AND CAPRICIOUS AGENCY ACTION IN VIOLATION OF THE APA

41.     Paragraphs 1 through 40 are incorporated here by reference.

42.     DEA has denied Novelty's LONO request because it sells Ephedrine OTC products to convenience stores and gas stations.

43.     DEA has also denied Novelty's LONO request because on Novelty's customer lists there are convenience stores in states that permit only the sale of gel capsule form of OTC Ephedrine.

44.     DEA has no evidence that Novelty intended to sell, or actually sold, OTC tablet form Ephedrine products to convenience stores in states that permit convenience stores to sell

10

only OTC gel capsule form Ephedrine products. In fact, Novelty does not intend to sell, and has not sold, OTC tablet form Ephedrine products in any state where that form is prohibited.

45.    Novelty, in its 10 years of selling List 1 chemical products, has no history of diversion of its products to the illicit drug trade.

46.    DEA has no evidence that Novelty would sell OTC tablet form Ephedrine products to all of the customers identified on its customer lists. In fact, Novelty sells OTC gel form Ephedrine products in those states, such as Kentucky and Tennessee, that require OTC gel form Ephedrine.

47.    DEA's unsubstantiated assumption that Novelty violates state law and its failure to take into account the absence of any Novelty OTC Ephedrine product found in the illicit drug trade when denying Novelty's LONO are arbitrary and capricious agency actions, an abuse of discretion and otherwise not in accordance of law. 5 U.S.C. § 706(2)(A).

48.    DEA's assumption that the OTC Ephedrine tablet products to be manufactured from the shipment denied entry would be sold to stores in states in which gel capsules can only be sold, is arbitrary and capricious, an abuse of discretion, and unsupported by substantial evidence.

49.    DEA's assumption that all OTC Ephedrine products sold in convenience stores and gas stations are at risk of diversion lacks substantial evidence and is arbitrary and capricious agency action, an abuse of discretion, and otherwise contrary to law.

50.    DEA lacks substantial evidence that Novelty's shipment is at risk of diversion. 5 U.S.C. § 706(2)(E).

51.    DEA's denial of the LONO request lacked substantial evidence and was arbitrary and capricious agency action, an abuse of discretion, and not in accordance with law.

## CAUSE OF ACTION III:  DEFENDANTS VIOLATED APA'S NOTICE-AND-COMMENT RULE-MAKING

52.    Paragraphs 1 through 51 are incorporated here by reference.

53.    DEA's LONO procedure and criteria are legislative rules that define Novelty's, and all similarly situated parties', rights to import, and obligations concerning import of, Ephedrine for use in OTC pharmaceuticals and for sale in convenience stores.

54.    DEA's LONO procedure and criteria apply to all parties that wish to import Ephedrine into the United States.

55.    Failure to satisfy DEA's LONO procedure and criteria results in investigations, seizure of product, condemnation of product, and penalties, including potential criminal liability. 21 U.S.C. § 841-863.

56.    DEA has adopted a LONO pre-import notice procedure for Ephedrine.  That legislative rule was adopted without compliance with the notice-and-comment rule-making requirements of the Administrative Procedure Act (APA).  See 5 U.S.C. § 553.

57.    DEA has adopted LONO criteria by which it denies all LONO requests for import of Ephedrine to be manufactured into pharmaceuticals sold through convenience stores.  That legislative rule was adopted without compliance with the notice-and-comment rule-making requirements of the APA.  5 U.S.C. § 553.

58.    Novelty is a party aggrieved by DEA's violation of the APA's notice and comment rule-making requirement because Novelty's planned importation of Ephedrine for use in OTC pharmaceuticals to be sold at convenience stores has been blocked by DEA's refusal to grant a LONO.

59.     By imposing the LONO procedure and criteria against Novelty without compliance with the notice-and-comment procedures of 5 U.S.C. § 553, DEA has violated the APA.

60.     By denying importation of all Ephedrine destined for sale in convenience stores serviced by Novelty without compliance with the notice-and-comment procedures of 5 U.S.C. § 553, DEA has violated the APA.

### CAUSE OF ACTION IV:  DEA VIOLATED THE APA BY ESTABLISHING AN ARBITRARY AND CAPRICIOUS SUBSTANTIVE RULE CATEGORICALLY PROHIBITING IMPORT OF OTC EPEHDRINE FOR CONVENIENCE STORE SALE

61.     Paragraphs 1 through 60 are incorporated here by reference.

62.     DEA presumes without credible evidence that all convenience stores are a greater risk of diversion than pharmacies, grocery stores, and "big box" stores.

63.     DEA refuses to issue LONO's for any importer whose OTC Ephedrine containing products are to be sold through convenience stores but issues LONO's to importers whose OTC Ephedrine products are to be sold through pharmacies, grocery stores, and "big box" stores.

64.     DEA's discriminatory allowance of LONO's in pharmacy, grocery, and "big box" store sales of OTC Ephedrine and disallowance of LONO's for convenience store sales of OTC Ephedrine are arbitrary and capricious agency actions in violation of the Administrative Procedure Act, 5 U.S.C. § 706.

### RELIEF REQUESTED

65.     Wherefore, Novelty asks this Honorable Court to declare pursuant to 28 U.S.C. § 2201:

a.  DEA's denial of Novelty's request for a LONO without affording Novelty a hearing on the merits was unconstitutional in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

b.  DEA's denial of Novelty's request for a LONO lacked substantial evidence and was arbitrary and capricious, an abuse of discretion, and not in accordance with law under the APA, 5 U.S.C. §706.

c.  The LONO procedure and criteria for Ephedrine imports are legislative rules that DEA failed to adopt pursuant to notice and comment rulemaking as required by the APA, 5 U.S.C. § 553;

d.  DEA's denial of Novelty's LONO requests for sale of OTC Ephedrine pharmaceuticals through convenience stores is invalid because it is pursuant to a legislative rule that DEA failed to adopt in accordance with the notice-and-comment rule-making requirements of the APA, 5 U.S.C. § 553;

e.  The LONO procedure and criteria for Ephedrine imports that the DEA imposed upon Novelty violated the APA, 5 U.S.C. § 553;

f.  DEA's allowance of LONO's for pharmacy, grocery, and "big box" store sale of OTC Ephedrine and disallowance of LONO's for convenience store sale of OTC Ephedrine are arbitrary and capricious agency actions in violation of the APA, 5 U.S.C. § 706; and

g.  The LONO procedure and criteria for Ephedrine imports are invalid, void, and of no further force or effect.

68.      Wherefore, Novelty asks this Court to order DEA to hold a hearing for Novelty in accordance with 21 U.S.C. § 971 concerning DEA's denial of Novelty's request for a LONO.

69.      Wherefore, Novelty asks this Court to enjoin DEA preliminarily and permanently from enforcing the LONO procedure and criteria for Ephedrine imports because:

a.      Novelty is reasonably likely to succeed in proving that DEA's denial of Novelty's request for a LONO was unconstitutional in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

b.      Novelty is reasonably likely to succeed in proving that DEA's denial of Novelty's request for a LONO lacked substantial evidence and was arbitrary and capricious, an abuse of discretion, and not in accordance with law under the APA, 5 U.S.C. § 706.

c.      Novelty is reasonably likely to succeed in proving that the LONO procedure and criteria for Ephedrine imports are legislative rules adopted without notice and comment rule-making in violation of the APA, 5 U.S.C. § 553.

d.      Novelty is reasonably likely to succeed in proving that DEA's allowance of LONO's for pharmacy, grocery store, and "big box" store sale of OTC Ephedrine but disallowance of convenience store sale of OTC Ephedrine are arbitrary and capricious agency actions in violation of the APA, 5 U.S.C. § 706(2)(A).

e.  Novelty does not have an adequate remedy at law if the DEA continues to refuse to issue Novelty's LONO requests, resulting in the destruction of Novelty's Ephedrine OTC pharmaceutical market.

f.  Novelty will suffer irreparable harm because there is no adequate remedy at law.

g.  There is no harm in requiring DEA to fulfill its legal duty and comply with the Fifth Amendment Due Process clause and the statutory requirements of the APA.  The harm to Novelty from the destruction of its pharmaceutical business greatly outweighs any *de minimus* burden on DEA resulting from DEA's fulfillment of its constitutional and statutory legal duties.

h.  Public policy favors issuance of an injunction against the DEA because its denial of a LONO to Novelty violates the Fifth Amendment Due Process clause and its LONO procedure and criteria for Ephedrine imports violate the APA.

i.  Accordingly, Novelty is entitled to an injunction against the DEA's enforcement of the unlawful LONO procedure and criteria for Ephedrine imports.

## TRIAL WITHOUT A JURY REQUESTED

70.    Plaintiff respectfully requests a trial without a jury pursuant to 28 U.S.C. § 2404.

Respectfully submitted,

NOVELTY, INC.,

By:    Jonathan W. Emord (DC Bar 407414)
       Andrea G. Ferrenz (DC Bar 460512)
       Robert G. Morley
       Attorneys for Plaintiff

Emord & Associates, P.C.
11808 Wolf Run Lane
Reston VA 20191
Phone: (202) 466-6937
Fax: (202) 466-6938
jemord@emord.com

Date submitted:  May 18, 2007

# EXHIBIT A

# SPIRIT PHARMACEUTICALS, LLC.

225 LINCOLN HIGHWAY, Suite 175, FAIRLESS HILLS, PA 19030
PH.# (215)943 4000  FAX.#(215)943 4039

## FACSIMILE TRANSMITTAL SHEET

To: Harry McFadden

Fax No.: 202-307-4702 (7503)

Tel.No. 202-307-4761

DEA

From: ARUN HEBLE

Date: 9,25-06

Pages: 1+5=6

Re: Ephedrine HCl — PO# 22773 for 2000 kg
cc AAA Pharmaceuticals — PO# 22774 for 200 kg

◆ Urgent    ◆ For Review    ◆ Please Comment    ◆ Please Reply    ◆ Please Recycle

Dear Harry,

We are faxing you the following documents to request a LONO for the above captioned listed chemical.

1. Completed DEA Form 486

2. Purchase order from the customer: AAA Pharmaceuticals Inc
Contact: Mr Tej Sheth
Tel: 856-423-2700 x202

3. DEA registration of the customer.

Please call me if you have any questions.

Best regards,

Sincerely,

Arun R. Heble
Cell# 215-869-2493

IMPORT/EXPORT DECLARATION
Precursor and Essential Chemicals

U.S. Department of Justice
Drug Enforcement Administration

OMB Approval
No. 1117-0023

SEE REVERSE FOR INSTRUCTIONS AND PRIVACY ACT.

U.S. CUSTOMS CERTIFICATION

Date of Departure/Arrival

Name of Carrier/Vessel

Date of Certification

Signature of Customs Official

1. CHECK ONE    [ ✓ ] IMPORT DECLARATION    [ ] EXPORT DECLARATION

1a. IMPORTER/EXPORTER (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.)

SPIRIT PHARMACEUTICALS, LLC.
225 LINCOLN HWY. SUITE 179
FAIRLESS HILLS, PA 19030
PH. # 215-943-4000    DEA # 006065SRX

1b. BROKER OR FORWARDING AGENT, IF USED (Name, Address, Telephone No. to include Area Code, Telex No. and where available FAX No.)

EXPEDITORS INTERNATIONAL, INC.
970 ASHLAND AVE
FOLCROFT, PA 19032
PH.# 610-534-2590    [ ] Check if applicable

1c. I CERTIFY THAT THE 15-DAY ADVANCE NOTICE REQUIREMENT HAS BEEN WAIVED

2. LISTED CHEMICALS TO BE IMPORTED/EXPORTED

| 2a. Name and Description of Chemical appearing on label or container | 2b. Name of Chemical as designated by Title 21 C.F.R. 1310.02 | 2c. Number of containers, size, net weight of each chemical (Kg.) | 2d. Gross Weight of each item (Kg.) |
|---|---|---|---|
| EPHEDRINE HCl | EPHEDRINE HCl | 25X80=2000KGS NET WT. | 27.5X80=2200KGS GROSS WT. |
| | P.O. # 22773 AAA PHARMACEUTICAL, INC | | |

3a. [ ✓ ] FOREIGN    [ ] DOMESTIC PORT OF EXPORTATION (last U.S. Customs Port) AND APPROX. DEPARTURE DATE

MUMBAI, INDIA    OCTOBER 25, 2006

3b. [ ] FOREIGN    [ ✓ ] DOMESTIC PORT OF IMPORTATION (first U.S. Customs Port) AND APPROX. ARRIVAL DATE

PHILADELPHIA, PA    OCTOBER 28, 2006

4a. MODE OF TRANSPORT; NAME OF VESSEL; CARRIER

BY AIR

4b. NAME OF ALL INTERMEDIATE CARRIERS

5a. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF FOREIGN CONSIGNEE/CONSIGNOR

EMMELLEN BIOTECH PHARMACEUTICALS LTD.
501 SENTINEL, 5th FLOOR, CENTRAL AVE.RD.
HIRNANDANI GARDENS, POWAI, MUMBAI-400 076
PH.# 011-91-22-56797200

5b. NAME, ADDRESS, TELEPHONE, TELEX, and where available FAX NO. OF ALL INTERMEDIATE CONSIGNEES

SIGNATURE OF AUTHORIZED INDIVIDUAL ( Print or Type Name below Signature)

(ARUN R. HEBLE)

DATE

09.25.06

NAME OF FIRM

SPIRIT PHARMACEUTICALS, LLC.
DEA # 006065SRX

Copy 1

DEA Form - 486
(Jun 1992)

# PURCHASE ORDER

Ordered By:
AAA Pharmaceutical, Inc
157-160 West Jefferson Street
P.O. Box 22
Paulsboro, NJ  08066-0022

Phone: (856) 423-2700      Fax: (856) 423-2808

Purchase Order Number:
22773

Date Issued:
Sep 25, 2006

Page:
1

To:  SPIR001

Spirit Pharmaceuticals, LLC
225 Lincoln Highway
Suite #179
Fairless Hills, PA  19030
DEA 006065SRX

Phone: (215) 943-4000      Fax: (215) 943-4039

Ship to:  157-160 West Jefferson Street
P.O. Box 22
Paulsboro, NJ  08066-0022

| Account No. | Terms |
|---|---|
| | 1% 10, Net 30 Days |

| Ship Via | FOB Delivered |
|---|---|

| Item | Description | Units | Quantity | Unit Price | Extension |
|---|---|---|---|---|---|
| RAW01000 | L-Ephedrine Hydrochloride, USP | Kg | 2,000.00 | | |

FOR ALL SHIPMENTS:      Double-Stacked Pallets Will Be Returned at Seller's Expense.

FOR PHARMACEUTICAL
RAW MATERIALS:

Items Shipped from Multiple Lots will be Returned at Seller's Expense; Items
Must All be from the Same Lot. A Valid Certicificate of Analysis for Each Raw
Material Must Accompany Shipment.

TOTAL

Authorized Signature

AAA PHARMACEUTICAL, INC
157-160 WEST JEFFERSON STREET

PAULSBORO          NJ      08066 - 0000



DOMESTIC CHEMICAL DIVERSION CONTROL REGISTRATION CERTIFICATE
UNITED STATES DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION
WASHINGTON, D.C. 20537

| DEA REGISTRATION NUMBER | THIS REGISTRATION EXPIRES | FEE PAID |
|---|---|---|
| 001253AAW | 06-30-2007 | PAID |

| BUSINESS ACTIVITY | ISSUE DATE |
|---|---|
| CHEMICAL MANUFACTURER | 06-06-2006 |

AAA PHARMACEUTICAL, INC
157-160 WEST JEFFERSON STREET

PAULSBORO          NJ          08066-0000

Sections 303 and 1008 of the Controlled Substances Act of 1970, as amended, provide that the Attorney General may revoke or suspend a registration to manufacture, distribute, import or export a List 1 chemical.

THIS CERTIFICATE IS NOT TRANSFERABLE ON CHANGE OF OWNERSHIP, CONTROL, LOCATION, OR BUSINESS ACTIVITY, AND IT IS NOT VALID AFTER THE EXPIRATION DATE.

Form DEA-511 (7-06)

# EXHIBIT B



U. S. Department of Justice
Drug Enforcement Administration

---

*www.dea.gov*                    Washington, D.C. 20537

Mr. Arun R. Heble
Spirit Pharmaceuticals, LLC                    OCT 1 0 2006
225 Lincoln Hwy, Suite 179
Fairless Hills, PA 19030

Dear Mr. Heble:

    Reference is made to your request for the Drug Enforcement Administration (DEA) to issue a Letter of No-Objection (LONO) to the competent authority in the country of export for the following proposed importations:

|  |  |
|---|---|
| Date of DEA-486 | September 25, 2006 |
| Listed Chemical | Ephedrine  2000 Kg |
| Date of proposed importation | October 28, 2006 |
| DEA Control # | 5042393 |
| PO # | 22773 |

|  |  |
|---|---|
| Date of DEA-486 | September 25, 2006 |
| Listed Chemical | Ephedrine  200 Kg |
| Date of proposed importation | October 28, 2006 |
| DEA Control # | 5042394 |
| PO # | 22774 |

    This letter is written confirmation that it is DEA's intent not to issue a LONO in the referenced importation matter.  DEA has thoroughly reviewed the proposed utilization of the planned Listed Chemical importation.  DEA has grounds to believe that the proposed importation may be subject to diversion to the illicit market by the downstream distribution system and, as such is declining to sign a LONO for this importation.

    There are three options available to you as the registered importer:

1.  withdraw the request for a LONO and cancel the Import Declaration (DEA Form 486) by FAXING the request to OED at (202)307-7464;

2.  take no action, and 30 days from the date of this notice DEA will deem your lack of further contact as a request to withdraw the Import Declaration and LONO request;

3.  indicate in writing, within the 30 days, your desire to pursue the importation further.

If you desire to pursue the importation further, DEA will order the suspension of the shipment pursuant to Title 21, United States Code, Section 971 (c)(1). DEA will send you a notice of the suspension. The notice of suspension will list the legal and factual basis supporting the suspension. Upon ordering the suspension of shipment, in accordance with Title 21, United States Code, Section 971 (c)(2), an administrative hearing will be held as long as you request the hearing, in writing within 30 days from the day you are served with the notice of suspension. If you request a hearing, it will be held not later that 45 days after your request is made, unless you specifically request the hearing be held at a later time.

If you have any questions, please feel free to contact Staff Coordinator Darrell Meador, Office of Enforcement Operations, Dangerous Drugs and Chemicals Section, at (202) 307-4948

Sincerely,

Alan G. Santos, Chief
Office of Enforcement Operations
Dangerous Drugs and Chemicals Section

cc: DEA Philadelphia Division
    Attn: DPM Ann Carter

# EXHIBIT C

& Associates, P.C.

1800 ALEXANDER BELL DRIVE, SUITE 200
RESTON, VA 20191
1050 SEVENTEENTH STREET, N.W., SUITE 600
WASHINGTON, DC 20036
202.466.6937 • Fax 202.466.6938
www.emord.com

November 2, 2006

**VIA UPS**
Alan G. Santos
Office of Enforcement Operations, Dangerous Drugs and Chemicals Section
Drug Enforcement Administration
U.S. Department of Justice
950 Pennsylvania Ave.
Washington, D.C. 20530-0001

Linden Barber
Office of the Chief Counsel
Drug Enforcement Administration
2401 Jefferson Davis Highway
Alexandria, VA 22301

*Re: PO # 2273 and PO # 22774*

Dear Mr. Santos and Mr. Barber:

Our client, Novelty Inc. ("Novelty") intends to pursue the following importations:

| | |
|---|---|
| Date of DEA-486 | September 25, 2006 |
| Listed Chemical | Ephedrine 2000 Kg |
| Date of proposed importation | October 28, 2006 |
| DEA Control # | 5042393 |
| PO # | 22773 |

| | |
|---|---|
| Date of DEA-486 | September 25, 2006 |
| Listed Chemical | Ephedrine 200 Kg |
| Date of proposed importation | October 28, 2006 |
| DEA Control # | 5042393 |
| PO # | 22774 |

In an October 10, 2006 letter to Spirit Pharmaceuticals, LLC ("Spirit"), DEA stated that "it is [the agency]'s intent not to issue a LONO" in the above importations. Novelty is an eventual purchaser for the above importations and a party adversely affected and aggrieved by the LONO rejection. Pursuant to option three in the October 10, 2006 letter, Novelty is providing notice of its intent to pursue importation.

We ask that DEA proceed quickly in issuing a suspension notice for the above importations.  The importation refusals are causing Novelty to suffer substantial economic damages.

Sincerely,

Jonathan W. Emord
Andrea G. Ferrenz
Katie Bond

# EXHIBIT D



**U. S. Department of Justice**
Drug Enforcement Administration

---

*www.dea.gov*                                    Washington, D.C. 20537

Mr. Arun R. Heble
Spirit Pharmaceuticals, LLC
225 Lincoln Hwy, Suite 179                       APR 1 0 2007
Fairless Hills, PA 19030

Dear Mr. Heble:

Reference is made to your request for the Drug Enforcement Administration (DEA) to issue a
Letter of No-Objection (LONO) to the competent authority in the country of export for the following
proposed importations:

| | |
|---|---|
| Date of DEA-486 | September 25, 2006 |
| Listed Chemical | Ephedrine 2000 Kg |
| Date of proposed importation | October 28, 2006 |
| DEA Control # | 5042393 |
| PO # | 22773 |

| | |
|---|---|
| Date of DEA-486 | September 25, 2006 |
| Listed Chemical | Ephedrine 200 Kg |
| Date of proposed importation | October 28, 2006 |
| DEA Control # | 5042394 |
| PO # | 22774 |

This letter is written confirmation that it is DEA's intent not to issue a LONO in the referenced
importation matter. DEA has thoroughly reviewed the proposed utilization of the planned Listed
Chemical importation. DEA has grounds to believe that the proposed importation may be subject to
diversion to the illicit market by the downstream distribution systems and, as such is declining to
sign a LONO for this importation. We previously contacted you by letter dated October 10, 2006.
At that time, you were informed that in order to pursue the requested importation, you would have to
contact the agency. Because we received no correspondence within the required 30 days, we have
considered your request to be withdrawn. At this time, however, we are re-contacting you to make
certain that your intent is that you do not wish to pursue the import requests. There are now two
options available to you as the registered importer:

1. Within five (5) days of receiving this notice, affirmatively withdraw the request for a LONO
   and cancel the planned importation by notifying DEA in writing of your intent to cancel the
   proposed importation. Send the letter via facsimile to OED at 202-307-7464;

2. Indicate in writing, within five (5) days from the date of this notice, your desire to pursue the

importation further. If you elect this option or fail to respond to this notice within five (5) days, DEA will order the suspension of the shipment pursuant to Title 21, United States Code, Section 971 (c)(1).

In the event DEA orders the suspension of the shipment, DEA will send you a notice of the suspension. The notice of the suspension will list the legal and factual basis supporting the suspension. Upon ordering the suspension of shipment, in accordance with Title 21, United States Code, Section 971 (c)(2), an administration hearing will be held as long as you request the hearing, in writing within 30 days from the day you are served with the notice of suspension. If you request a hearing, it will be held not later than 45 days after your request is made, unless you specifically request the hearing be held at a later time.

If you have any questions, please feel free to contact Staff Coordinator Darrell Meador, Office of Enforcement Operations, Dangerous Drugs and Chemicals Section, at (202) 307-4948.

Sincerely,

Alan G. Santos, Chief
Office of Enforcement Operations
Dangerous Drugs and Chemicals Section

cc:   DEA Philadephia Divison
Attn: Acting DPM Kurt Dittmer

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NOVELTY, INC., | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:07-cv-00191-RBW** |
| | ) | **Judge Reggie B. Walton** |
| KAREN TANDY, Administrator, | ) | |
| U.S. Drug Enforcement Administration, | ) | |
| et al., | ) | |
| | ) | |
|     **Defendants.** | ) | |

**NOTICE OF FILING OF AMENDED COMPLAINT**

Plaintiff Novelty Inc., by counsel and pursuant to Federal Rule of Civil Procedure 15(a), hereby files with this notice its first amended complaint. The original complaint was filed on January 19, 2007. No responsive pleading has been filed by Defendants. Accordingly, pursuant to F.R.Civ.P. 15(a), Novelty amends as a matter of course.

Defendants filed a Motion to Dismiss or, in the Alternative, a Motion for Summary Judgment on April 10, 2007.[1] Defendants' motion is not a responsive pleading that prevents a party from amending without leave of court. E.g., United States Information Agency v. Krc, 905 F.2dd 389, 399 (D.C.Cir. 1990)(citations omitted)("Motions for summary judgment or dismissal…do not constitute responsive pleadings that prevent a party from amending without leave of court"); see also National City Mortgage Co. v. Navarro, 220 F.R.D. 102, 104 (D.D.C. 2004)(citations omitted)("Motions to dismiss and for summary judgment do not qualify as responsive pleadings for the purposes of Rule 15"). In Defendants' motion, they failed to recognize Novelty's independent right to a hearing on the denial of a request for a Letter of No

---

[1] This court entered a scheduling order on that motion on April 17, 2007. Under that scheduling order, Plaintiff's combined opposition to Defendants' motion to dismiss and cross motion for summary judgment is due May 23, 2007.

Objection submitted by Novelty's importer agent Spirit Pharmaceuticals, Inc. (hereinafter

"Spirit").  Instead, Defendants took the position that Novelty, the real party in interest, would

nevertheless need to file a motion to *intervene if and only if* Spirit contests that denial and itself

seeks an administrative hearing.  Motion at 10.  The Defendants' failure to recognize Novelty's

independent right to a hearing creates a new cause of action under PDK Laboratories Inc v DEA,

362 F.3d 786 (D.C.Cir. 2004) (the D.C. Circuit decision upholding standing of a non-importer

aggrieved by a DEA denial of a LONO).

<div style="margin-left: 40%;">

Respectfully submitted,

NOVELTY, INC.

By Its Counsel

</div>

Jonathan W. Emord
Andrea G. Ferrenz
Emord & Associates, P.C.
11808 Wolf Run Lane
Clifton VA 20124
Phone: (202) 466-6937
Fax: (202) 466-6938
jemord@emord.com

Date submitted:  May 18, 2007