UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOVELTY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-CV-00191 (RMU) |
| ) | |
| KAREN TANDY, Administrator, ) | |
| UNITED STATES DRUG ENFORCEMENT ) | |
| ADMINISTRATION; et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**NOTICE TO THE COURT
CONCERNING DEFENDANTS' UNOPPOSED MOTION**

Defendants' "Unopposed Motion to Extend Time to Respond to Plaintiff's Motion for a Preliminary Injunction," filed June 14, 2007, misrepresents the position of Plaintiff and, thus, warrants correction to ensure an accurate record.

Novelty does not oppose the extension of time requested and informed Defendants of that fact. Consequently, Novelty does not seek reconsideration of his Honor's order granting the extension of time. Defendants, however, added to their motion substantive argument that they never presented to Novelty before the motion was filed and to which Novelty objects. In a procedural motion seeking additional time, the addition of substantive argument germane to the underlying case is improper, particularly when it is placed within the context of an "unopposed motion" yet has never been presented to opposing counsel before submission of the motion to determine whether counsel would oppose that argument. In this instance, Novelty does oppose the substantive argument.

The following content in Defendants' motion is opposed by Novelty:

> The parties had previously agreed to, and this Court had set, a briefing schedule for resolution of these issues. No new information has arisen justifying an expedited briefing schedule. The motion for preliminary injunction, like the plaintiff's motion for summary judgment, raises issues that require the compilation of an administrative record to respond to numerous complex jurisdictional and substantive issues.

Defendants' Motion at 1.

In point of fact, the motion for preliminary injunction is based on content first presented to the Court in Defendants' since withdrawn Motion to Dismiss or, in the Alternative, for Summary Judgment. That new information reveals an intent by Defendants to deny Novelty its Fifth Amendment Due Process right to an independent DEA hearing on the DEA's denial of a LONO for Novelty's ephedrine shipment. That circumstance does justify prompt resolution by statutory right, 21 USC 971. Contrary to Defendants' gratuitous representations to this Court, the matters raised there do not present complex jurisdictional issues and do not require compilation of an administrative record before the Court acts; rather, the issues raised are pristine questions of law governed by PDK Laboratories Inc v. DEA, 362 F.3d 786 (D.C.Cir. 2004) and PDK Labs v. Reno, 134 F.Supp. 2d 24 (D.D.C. 2001), which compel issuance of an order for a hearing on the merits. Novelty therefore opposes this argument and wants to make clear that it did not agree to the argument before the "unopposed motion" was submitted to the Court.

Out of professional courtesy (to accommodate the vacation schedule of Defendants' lead counsel), counsel to Novelty was pleased to acquiesce to Defendants' request for an extension of time until June 25, 2007. Novelty did not agree that the

procedural motion be used as a vehicle to present a summary of Defendants' substantive argument in opposition to Novelty's motion for preliminary injunction.

                                  Respectfully submitted,

                                  NOVELTY INC.

                                  By: _____/s/_____
                                      Its Counsel
                                      Jonathan W. Emord (DC Bar 407414)
                                      Andrea G. Ferrenz (DC Bar 460512)

Emord & Associates, P.C.
11808 Wolf Run Lane
Clifton VA 20124
Phone: (202) 466-6937
Fax: (202) 466-6938
jemord@emord.com

Date submitted: June 14, 2007

3