IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOVELTY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-CV-00191 (RMU) |
| ) | |
| KAREN TANDY, in her official capacity; ) | |
| UNITED STATES DRUG ) | |
| ENFORCEMENT ADMINISTRATION; ) | |
| ALBERTO GONZALES, in his official ) | |
| capacity; UNITED STATES ) | |
| DEPARTMENT OF JUSTICE; and the ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY OF DEFENDANTS' WITNESS**

**INTRODUCTION**

Several weeks after filing for summary judgment but before production of an administrative record, plaintiff Novelty, Inc. ("Novelty") seeks production of documents and to depose a government official on matters irrelevant to plaintiff's claims. Because the motion was filed prior to production of an administrative record, plaintiff moved for discovery without having found any defects in the record. Plaintiff is not entitled to discovery at all in this case because plaintiff challenges agency action, reviewable upon an administrative record. Second, subsequent agency action has rendered the information sought wholly immaterial. Third, even if plaintiff could identify some defect in the record relevant to the present dispute, plaintiff still cannot obtain discovery after moving for summary judgment because plaintiff has taken the position that there are no genuine

issues of material fact. Finally, if there is to be discovery in this matter, it would be most reasonable to delay such discovery until the Court has resolved threshold issues of jurisdiction and final agency action.

## FACTUAL BACKGROUND

Counts I and II of the Amended Complaint challenge specific actions by the Drug Enforcement Administration ("DEA") regarding an importation of ephedrine by a third party importer, Spirit Pharmaceuticals ("Spirit"). In September 2006, Spirit submitted DEA Form 486 and requested a letter of no objection ("LONO") for two shipments of ephedrine from India. See Am. Compl. ¶ 17; Declaration of Darrell Meador ¶ 16 (submitted June 25, 2007) ("Meador Decl."); AR 0003-0006. (The DEA Form 486 is the notification required by statute and regulation for importation of ephedrine; the LONO is required by the exporting country. See Defs. Motion to Dismiss at 2-9.) In October 2006, DEA refused to issue the LONO and instructed Spirit to contact DEA if it wished to pursue the importation. AR 0021-22. Spirit did not do so, and DEA therefore considered the notification withdrawn. Meador Decl. ¶ 18. Spirit intended to sell that shipment to AAA Pharmaceuticals ("AAA"), who intended to sell manufactured drug products to Novelty. AR 0002-0008. On April 10, 2007, DEA contacted Spirit again in order to make certain that Spirit had a full opportunity to pursue the importation and that DEA was not ignoring an active request. Spirit Pharmaceuticals was told that it had to take affirmative action within five days to withdraw the application or DEA would issue a suspension order. AR 0028-0029; Meador Decl. ¶ 19. On June 22, 2007, DEA suspended the shipment in question. AR 0056-59. Novelty requested a hearing in

order to pursue the importation of Spirit in its own name.[1]  AR 0025-26.  On June 25, 2007, Novelty's request for a hearing in its own right was denied, with no prejudice to Novelty's right to participate in a hearing should Spirit request one.  AR 0060-61.

The Amended Complaint challenges, for the first time, specific agency actions in the Spirit matter, namely, the decision to refuse a LONO to Spirit and the decision to deny Novelty a hearing.  Am. Compl. ¶¶ 34-51.  Plaintiff moved for summary judgment on those issues (as well as the other counts of the Complaint) on May 23, 2007, and moved for a preliminary injunction regarding only the first Count of the Amended Complaint on June 12, 2007.[2]  Plaintiff now seeks discovery only on the factual underpinnings of the LONO refusal.

**ARGUMENT**

First, Counts I and II of the Amended Complaint, see Am. Compl. ¶¶ 34-51, if they state a claim at all, are challenges to agency action, reviewable upon an administrative record.[3]  See 5

---

[1]  Novelty could not literally pursue the importation because it is not a registered importer.  Meador Decl. ¶ 28.  The requested hearing could not be held in any event unless and until there was a suspension order because the statute only directs DEA to hold hearings on suspension orders. 21 U.S.C § 971(c). The statute states that regulated persons to whom a suspension order applies are entitled to a hearing.  See 21 U.S.C. § 971(c).

[2]  Defendants originally moved to dismiss (or in the alternative for summary judgment) on the original Complaint on April 10, 2007.  This motion did not address the propriety of DEA's refusal of a LONO, either to Spirit specifically or more generally.  That motion was withdrawn on May 29, 2007, in response to plaintiff's filing of an Amended Complaint, and defendants filed another Motion to Dismiss (or in the alternative for summary judgment) on June 25, 2007.

[3]  Defendants have explained that all counts of the Amended Complaint, if they state a claim at all, are reviewable only in the Courts of Appeal.  See Defs. Motion to Dismiss or in the Alternative for Summary Judgment (filed June 25, 2007).  Plaintiff does not argue that the information sought is relevant in any way to Counts III and IV of the Amended Complaint because those counts do not challenge any specific agency action.  If plaintiff does eventually seek discovery regarding those counts, defendants will likely oppose discovery on them as well.

U.S.C. § 706; see Florida Power & Light v. Lorion, 470 U.S. 729, 743-44 (1985) (a reviewing court's task is to apply the appropriate APA standard of review to the agency decision "based on the record the agency presents to the reviewing court"); Camp v. Pitts, 411 U.S. 138, 142 (1973) ("the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"). See also Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971) (the Court should not "substitute its judgment for that of the agency"). There are limited exceptions to review solely upon an administrative record without further discovery. Common Sense Salmon Recovery v. Evans, 217 F. Supp. 2d 17, 20 (D.D.C. 2002) (finding that "because a court's review of an agency's decision is confined to the administrative record," "[i]n the administrative law context courts uniformly have held that discovery typically is not permitted"); Nat'l Law Ctr. on Homelessness and Poverty v. Dep't of Veterans Affairs, 736 F. Supp. 1148, 1152 (D.D.C. 1990) (reasoning that "discovery is not [generally] permitted prior to a court's review of the legality of agency action").[4]

---

[4] The defendants recognize that plaintiff also raised a constitutional claim. The parties seem to agree, however, that Novelty was denied an independent hearing. Thus, the only question is whether Novelty was entitled to a hearing under the Due Process Clause. Even if discovery on that claim was appropriate for some reason, the information sought in these discovery requests is wholly irrelevant to the constitutional claim. Plaintiff alleges that the material sought from defendants is relevant to its motion for a preliminary injunction and therefore urgent because "[i]t is the Defendants' position that Novelty should not be granted a hearing on the merits in part because Defendant allegedly determined through investigation that Novelty is intent on violating the laws of Kentucky and Tennessee and is intent on selling its ephedrine products to 'gray market' retailers." Pls. Motion for Discovery at 3. That is incorrect. Mr. Meador's findings regarding a risk of diversion are wholly irrelevant to the finding that Novelty is not entitled to a hearing. Novelty is not entitled to a hearing because it is not a "person to whom an order applies" under 21 U.S.C. § 971. The reasons for finding of a risk of diversion do not affect that analysis.

Discovery is not generally permitted in such a case because the Court does not revisit the agency's factual findings de novo. See Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221, 1225 (D.C. Cir. 1993) (explaining that "[t]he district court sits as an appellate tribunal, not as a court authorized to determine in a trial-type proceeding" whether the basis for an agency's decision "was factually flawed"). For this reason, district courts in APA cases eschew discovery, including oral testimony, except in "very unusual circumstances." See American Bioscience, Inc. v. Thompson, 269 F.3d 1077, 1084 (D.C. Cir. 2001).

At the time plaintiff filed its motion, the administrative record had not been certified and filed. Accordingly, plaintiff's motion was, at best, premature, and plaintiff obviously could not have identified any defect in the record.[5] Instead, without having seen the record, the plaintiff sought discovery on the factual basis for a DEA official's initial conclusions that the shipment of ephedrine may be diverted to the illicit manufacture of controlled substances. See Pl. 1st Set of Document Production Requests (filed as Errata, June 22, 2007) ; see also 21 U.S.C. § 971(c). The administrative record has now been filed with the court and should more than satisfy plaintiff's request for information.[6] The factual basis and rationale for Mr. Meador's conclusions in the LONO

---

[5] In addition to the use of agency declarations to contextualize and explain the record, see Local 814, Int'l Brotherhood of Teamsters v. NLRB, 546 F.2d 989, 992 (D.C. Cir. 1976) (considering "amplified articulation" of agency rationale), there are limited, narrow exceptions to record review which can allow discovery under extraordinary circumstances. See Commercial Drapery Contractors, Inc. v. United States, 133 F.3d 1, 7 (D.C. Cir. 1998) (internal citation omitted) (holding that the APA "limits review to the administrative record except when there has been a 'strong showing of bad faith or improper behavior,' or when the record is so bare that it prevents effective judicial review."). If plaintiff should identify some defect in the record in its reply brief, defendants would like the opportunity to respond.

[6] That record was not provided to the Court with the previous motion to dismiss because, in the original Complaint, plaintiff had not challenged those specific decisions and because final action was still pending.

refusal are described in both of the declarations submitted in this matter. See Meador Decl. ¶¶ 17, 20 (filed June 25, 2007); Previous Meador Decl. ¶¶ 17-18 (originally filed April 10, 2007). The actual documentary evidence he relied upon is part of the administrative record, rendering the motion moot. See AR 007-016.[7]

Second, the motion should be denied because plaintiff seeks wholly irrelevant material. Mr. Meador's findings underpinning the LONO refusal have been superseded by subsequent agency action. On June 22, 2007, DEA issued a suspension order to Spirit and stated reasons for the finding of a risk of diversion that do not hinge on Meador's initial conclusion that Novelty intended to sell tablet-form products in states where it is illegal to do so. For the purposes of this shipment, DEA elected to accept Mr. Bledsoe's sworn assurances that he has no intention of selling such products in those states. Accordingly, the suspension order was not based on those grounds. See AR 056-59; Meador Decl. ¶ 20. The suspension order supersedes the LONO refusal as agency action on the suspension at issue in the Spirit matter. Accordingly, Mr. Meador's initial conclusions, while reasonable, no longer form the basis for any alleged agency action and are not relevant to this lawsuit.

Third, plaintiff's claim that it needs discovery is inconsistent with its motion for summary judgment. In moving for summary judgment, the plaintiff necessarily took the position that there are no genuine issues of material fact that require discovery. See Fed. R. Civ. P. 56(c). The appropriate procedure for seeking discovery after a motion for summary judgment has been filed is a motion pursuant to Rule 56(f), Fed. R. Civ. P. "The purpose of Rule 56(f) is to prevent railroading

---

[7] Any discovery beyond what has been provided could only possibly inquire improperly into internal agency deliberations. See, e.g., Morgan v. United States, 304 U.S. 1, 18 (1938); Hinckley v. United States, 140 F.3d 277, 284-85 (D.C. Cir. 1998).

the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." Globalaw Ltd. v. Carmon & Carmon Law Office, 452 F. Supp. 2d 1, 23 (D.D.C. 2006) (internal citations and quotation marks omitted). Plaintiff is, of course, a moving party here and was the first party to move for summary judgment on the issues at stake. See Pls. Motion for Summ. J. at (describing both how defendants had not moved for summary judgment on substantive issues and how plaintiff was moving for summary judgment). Accordingly, there is no possible concern that plaintiff has been railroaded into summary judgment proceedings without necessary discovery.[8]

At the very least, plaintiff must make a showing under Rule 56(f) to identify the specific facts necessary to oppose summary judgment, and demonstrate "how additional discovery will provide those facts, not simply assert that 'certain information' and 'other evidence' may exist and may be obtained through discovery." Richardson v. National Rifle Ass'n, 871 F. Supp. 499, 501-02 (D.D.C. 1994). It is not sufficient to assert that discovery is required to cross-examine or "test" the opposing party's theory of the case. See Strang v. United States Arms Control and Disarmament Agency, 864 F.2d 859, 861 (D.C. Cir. 1989) (Ruth Bader Ginsburg, J.). Plaintiff has not attempted to make such a showing.

---

[8] Plaintiff's arguments regarding discovery prior to a 26(f) conference are largely irrelevant. Because this is an action for review on an administrative record, see Fed. R. Civ. P. 26(a)(1)(E)(i), the parties are exempt from Rule 26(f), see Fed. R. Civ. P. 26(f) (exempting from discovery conference the proceedings listed in Rule 26(a)(1)(E)). Defendants recognize that the Court's Standing Order encourages the parties to submit a joint case management report even where the rule does not apply "where doing so would promote efficient case management." The government is doubtful that such a conferral would be useful in this matter because plaintiff apparently believes that full-blown discovery may be warranted in the future, and because the government is likely to oppose any discovery.

Finally, there is a pending motion to dismiss on jurisdictional and 12(b)(6) issues, and at a minimum, a delay of discovery until resolution of these issues would conserve the resources of the Court and the parties. There is no possible urgency to the factual matters identified in plaintiff's motion, and they are wholly irrelevant to the motion for a preliminary injunction. A DEA official's reasons for refusing a LONO could only be relevant to Count II of the Amended Complaint (challenging denial of a LONO to Spirit), not to the threshold questions of jurisdiction and final agency action, see Defs. Motion to Dismiss at 13-29; Pls. Motion for a Preliminary Injunction at (emphasizing that the plaintiff does not seek a preliminary injunction on the substantive question of whether the LONO should have been refused).[9] Delaying discovery pending the outcome of a motion to dismiss is especially appropriate where, as here, that motion challenges the court's jurisdiction to hear some or all of the counts of the complaint. See 8 C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2040 (2d ed. 1994) ("[A] a court may decide that in a particular case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved."); see also U.S. Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters."). Accordingly, the parties and the court could avoid devoting resources to discovery disputes if the Court delayed discovery until after resolution of the threshold issues raised by defendants' motion.

---

[9]     Plaintiff has also raised a threshold question of sorts, i.e., whether it is entitled to a hearing in the Spirit matter. If plaintiff were correct, then the Court should remand to the agency for a hearing on the merits of the suspension order, and no discovery in this Court would be necessary or appropriate. See Pls. Motion for a Preliminary Injunction (seeking injunctive relief directing the agency to hold a hearing on the suspension order).

8

**CONCLUSION**

For the foregoing reasons, plaintiff's Motion for Discovery should be denied.

Dated: June 29, 2007						Respectfully Submitted,

							PETER D. KEISLER
							Assistant Attorney General

							JEFFREY A. TAYLOR
							United States Attorney

							ARTHUR R. GOLDBERG
							Assistant Director
							Federal Programs Branch


							/s
							AMY E. POWELL
							Attorney (NY Bar)
							U.S. Department of Justice
							Civil Division, Federal Programs Branch
							20 Massachusetts Avenue, N.W. Rm. 7322
							Washington, D.C. 20530
							Telephone: (202) 514-9836
							Facsimile: (202) 616-8202
							Email: amy.powell@usdoj.gov

							*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOVELTY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-CV-00191 (RMU) |
| ) | |
| KAREN TANDY, in her official capacity; ) | |
| UNITED STATES DRUG ) | |
| ENFORCEMENT ADMINISTRATION; ) | |
| ALBERTO GONZALES, in his official ) | |
| capacity; UNITED STATES ) | |
| DEPARTMENT OF JUSTICE; and the ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

**[PROPOSED] ORDER**

This matter is before the Court on plaintiff's Motion for Limited Discovery of Defendant Witness Darrell R. Meador. Upon due consideration of the parties' submissions, it is hereby:

ORDERED that, plaintiff's motion is DENIED.

SIGNED and ENTERED this ___ day of _____, 2007.

_____
U.S. DISTRICT JUDGE RICARDO M. URBINA