**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NOVELTY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-CV-00191 (RMU) |
| | ) | |
| KAREN TANDY, Administrator, | ) | |
| UNITED STATES DRUG | ) | |
| ENFORCEMENT ADMINISTRATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | | |

**PLAINTIFF'S MOTION TO SUPPLEMENT MOTION FOR LIMITED**
**DISCOVERY OF DEFENDANT WITNESS DARRELL R. MEADOR**
**WITH NEW INFORMATION**

Novelty, Inc., by counsel and pursuant to Local Rule 7, hereby submits this

supplement to its pending Motion for Limited Discovery of Defendant Witness Darrell R.

Meador (Docket No. 25). New developments suggest an abusive use of judicial process

by DEA in another district court to cause the warrant power to be used for discovery

against Novelty without leave of this Court while inequitably maintaining in this Court

that Novelty should not be permitted to engage in discovery.

On July 9, 2007, five agents of Defendants presented an administrative warrant

pursuant to 21 U.S.C. § 880 at Novelty's Greenfield, Indiana facility and conducted an

unannounced, onsite inspection (to last until Friday, July 13, 2007) to obtain documents

and things that include those items that are within the scope of discoverable matters in

this proceeding. The use of a warrant, and execution of it not by DEA Indiana field

office personnel alone, but by personnel from DEA's headquarters directly involved in

this proceeding and the newly commenced administrative proceeding below, reveals an

intent to use the warrant to circumvent the discovery rules of this Court.  Representing

DEA in the execution of the warrant were, flown in from DEA headquarters in Arlington,

Virginia, Defense Witness Darrell R. Meador, DEA's administrative hearing counsel in

the proceeding below Brian Bayly, and the office mate of Meador, Lisa Barnhill.  Exhibit

A at ¶¶9-10.  The use of a warrant and the presence of five DEA agents are

unprecedented in Novelty's history as a regulatee and appear to be calculated to

intimidate Novelty.

Novelty presents this Court with these additional facts because they add new

grounds atop the old for the Court to order the requested deposition of Darrell R. Meador.

They reveal the kind of circumstance that this Court has recognized as justifying

deposition of government agents and deposition before the pre-hearing conference.  See

Waters v. United States Capitol Police Board, 218 F.R.D. 323, 324 (D.D.C. 2003)

(investigative documents ordered disclosed to requesting party in civil action).

In accordance with Local Civil Rule 7(m), Plaintiff's counsel has informed

Defendants' counsel of this motion and its proposed scope and content.  Defense counsel

opposes the motion to add additional information.  A memorandum and draft order is

attached.

Respectfully submitted,

NOVELTY, INC.,


_____/s/_____
By:    Jonathan W. Emord (DC Bar 407414)
       Andrea G. Ferrenz (DC Bar 460512)
       Attorneys for Plaintiff

Emord & Associates, P.C.
11808 Wolf Run Lane
Reston, VA 20191
Phone: (202) 466-6937
Fax: (202) 466-6938
jemord@emord.com

Date submitted:        July 11, 2007

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NOVELTY, INC.,           )
                               )
        Plaintiff,      )
                               )
        v.               )     Case No. 1:07-CV-00191 (RMU)
                               )
KAREN TANDY, Administrator,    )
UNITED STATES DRUG        )
ENFORCEMENT ADMINISTRATION,  )
et al.,                      )
                               )
        Defendants.

**EXHIBIT A TO PLAINTIFF'S MOTION TO SUPPLEMENT MOTION FOR LIMITED DISCOVERY OF DEFENDANT WITNESS DARRELL R. MEADOR WITH NEW INFORMATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NOVELTY, INC.,                    )
                                  )
    Plaintiff,              )
                                  )
    v.                      )     Case No. 1:07-CV-00191 (RMU)
                                  )
KAREN TANDY, Administrator,       )
UNITED STATES DRUG                )
ENFORCEMENT ADMINISTRATION,       )
et al.,                           )
                                  )
    Defendants.             )

## AFFIDAVIT OF RYAN POLK  IN SUPPORT OF PLAINTIFF'S MOTION TO SUPPLEMENT MOTION FOR LIMITED DISCOVERY OF DEFENDANT WITNESS DARRELL R. MEADOR WITH NEW INFORMATION

I, Ryan Polk, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Chief Financial Officer of Novelty, Inc. and have held that position for 10 months. I have held various other executive positions at Novelty, Inc. since December 2001.

2. I am Novelty Inc.'s liaison to the Drug Enforcement Administration (DEA), including to its agents who visit our Greenfield, Indiana facilities.

3. I have been present at the two previous inspections conducted by DEA agents made during the last six years.  DEA's prior visits took place on September 30, 2002 and May 7, 2003.

4. Both Laurie Kaufmann and Madeline Kuzma were both present at the 2002 and 2003 inspections.

5. At each of those visits the DEA agents presented a Form 82 Notice of Inspection. Copies of these inspection notices are attached as Exhibits 1 and 2 to this affidavit.

6. Novelty has never denied DEA entry to any of its facilities.

7. At each of those prior inspections, Novelty has never denied DEA access to information, documentation, facilities, or inventory the agents requested. None of those inspections resulted in any adverse action taken against Novelty.

8. I was present at Novelty's Greenfield facilities on Monday, July 9, 2007 when DEA agents arrived and presented a warrant for inspection. A copy of that warrant is attached as Exhibit 3 to this Affidavit.

9. The DEA personnel present on July 9, 2007 were: (1) Lisa Barnhill, DEA Staff Coordinator from DEA's Arlington, VA office; (2) Darrell R. Meador, Staff Coordinator from DEA's Arlington, VA office; (3) Brian Bayly, Attorney, DEA Chief Counsel's Office, Arlington VA; (4) Madeline Kuzma, DEA Diversion Investigator, DEA District Office, Indianapolis, IN; and (5) Carroll Harris, DEA Special Agent, Indianapolis, IN.

10. The DEA agents from DEA Headquarters Ms. Barnhill, Mr. Meador, and Mr. Bayly have never visited Novelty's facilities on any prior occasion.

11. DEA has never before presented a warrant to Novelty.

12. DEA representative Brian Bayly represented to me that part of the reason for the attendance of the three DEA personnel from DEA headquarters had to do with Novelty's suit against the DEA.

**13.** DEA representative Brian Bayly would not rule out that documents and things

obtained in the inspection would be used as evidence in Novelty's suit against

DEA Before the U.S. District Court for the District of Columbia and before the

proceeding in front of DEA ALJ Randall.


_____

**RYAN POLK**

_____

**DATE**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NOVELTY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-CV-00191 (RMU) |
| | ) | |
| KAREN TANDY, Administrator, | ) | |
| UNITED STATES DRUG | ) | |
| ENFORCEMENT ADMINISTRATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | | |

**EXHIBIT 1 TO**

**EXHIBIT A TO PLAINTIFF'S MOTION TO SUPPLEMENT MOTION FOR
LIMITED DISCOVERY OF DEFENDANT WITNESS DARRELL R. MEADOR
WITH NEW INFORMATION**

U.S. DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION

## NOTICE OF INSPECTION
## OF CONTROLLED PREMISES

| DEA USE ONLY |
| --- |
| FILE NUMBER |
| I2-02-2029 |

| NAME OF INDIVIDUAL | | TITLE |
| --- | --- | --- |
| RYAN POLK | | CFO |
| NAME OF CONTROLLED PREMISES | | DEA REGISTRATION NO. |
| NOVELTY DISTRIBUTORS | | 003563NSY |
| NUMBER AND STREET | | DATE |
| 351 W. MUSKEGON DR. | | 5/7/03 |
| CITY AND STATE | ZIP CODE | TIME (initial inspection) |
| GREENFIELD    INDIANA | 46140 | |

### STATEMENT OF RIGHTS

1. You have a constitutional right not to have an administrative inspection made without an administrative inspection warrant.
2. You have the right to refuse to consent to this inspection.
3. Anything of an incriminating nature which may be found may be seized and used against you in a criminal prosecution.
4. You shall be presented with a copy of this Notice of Inspection.
5. You may withdraw your consent at any time during the course of the inspection.

### ACKNOWLEDGEMENT AND CONSENT

I, RYAN POLK , have been advised of the above Statement of Rights
           (Name)

by DEA D/I's LAURIE KAUFMANN & MADELINE KUZMA , who
       (Title and Name)

has identified himself/herself to me with his/her credentials and presented me with this Notice of Inspection containing a copy of sections 302(f) and 510(a), (b) and (c) of the Controlled Substances Act (21 U.S.C. 822(f) and 21 U.S.C. 880(a), (b) and (c), printed hereon, * authorizing an inspection of the above–described controlled premises. I hereby acknowledge receipt of this Notice of Inspection. In addition, I hereby certify that I am the CFO

                                                                    (President)    (Manager)    (Owner)

for the premises described in this Notice of Inspection; that I have read the foregoing and understand its contents; that I have authority to act in this matter and have signed this Notice of Inspection pursuant to my authority.

I understand what my rights are concerning inspection. No threats or promises have been made to me and no pressure of any kind has been used against me. I voluntarily give consent for inspection of these controlled premises.

_____
(Signature)

5/13/03
_____
(Date)

WITNESSES:

_____          5/13/03
(signed)                                 (date)

_____          5-13-03
(signed)                                 (date)

* See Reverse

DEA Form
(June 1982)  – 82          Previous edition dated 2/74 is Obsolete.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NOVELTY, INC.,                          )
                                        )
      Plaintiff,                    )
                                        )
      v.                            )     Case No. 1:07-CV-00191 (RMU)
                                        )
KAREN TANDY, Administrator,             )
UNITED STATES DRUG                      )
ENFORCEMENT ADMINISTRATION,             )
et al.,                                 )
                                        )
      Defendants.

**EXHIBIT 2 TO**

**EXHIBIT A TO PLAINTIFF'S MOTION TO SUPPLEMENT MOTION FOR
LIMITED DISCOVERY OF DEFENDANT WITNESS DARRELL R. MEADOR
WITH NEW INFORMATION**

U.S. DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION

## NOTICE OF INSPECTION
## OF CONTROLLED PREMISES

| DEA USE ONLY |
|---|
| FILE NUMBER |
| I2-02-2029 |

| NAME OF INDIVIDUAL RYAN POLK | TITLE CFO | |
|---|---|---|
| NAME OF CONTROLLED PREMISES NOVELTY DISTRIBUTORS | | DEA REGISTRATION NO. 003563NSY |
| NUMBER AND STREET 351 W. MUSKEGON DR. | | DATE 9/30/02 |
| CITY AND STATE GREENFIELD    INDIANA | ZIP CODE 46140 | TIME (initial inspection) 1:30 PM |

### STATEMENT OF RIGHTS

1. You have a constitutional right not to have an administrative inspection made without an administrative inspection warrant.
2. You have the right to refuse to consent to this inspection.
3. Anything of an incriminating nature which may be found may be seized and used against you in a criminal prosecution.
4. You shall be presented with a copy of this Notice of Inspection.
5. You may withdraw your consent at any time during the course of the inspection.

### ACKNOWLEDGEMENT AND CONSENT

I, _____RYAN POLK_____ , have been advised of the above Statement of Rights
         (Name)

by DEA _D/I's LAURIE KAUFMANN & MADELINE KUZMA_____ , who
         (Title and Name)

has identified himself/herself to me with his/her credentials and presented me with this Notice of Inspection containing a copy of sections 302(f) and 510(a), (b) and (c) of the Controlled Substances Act (21 U.S.C. 822(f) and 21 U.S.C. 880(a), (b) and (c), printed hereon, * authorizing an inspection of the above–described controlled premises. I hereby acknowledge receipt of this Notice of Inspection. In addition, I hereby certify that I am the_____CFO_____

                                   (President)   (Manager)   (Owner)

for the premises described in this Notice of Inspection; that I have read the foregoing and understand its contents; that I have authority to act in this matter and have signed this Notice of Inspection pursuant to my authority.

I understand what my rights are concerning inspection. No threats or promises have been made to me and no pressure of any kind has been used against me. I voluntarily give consent for inspection of these controlled premises.

_____
(Signature)

_____9/30/02_____
(Date)

WITNESSES:

_____        _9/30/02_
(signed)                                (date)

_____        _9-30-02_
(signed)                                (date)

                                                    * See Reverse

DEA Form — 82
(June 1982)                    Previous edition dated 2/74 is Obsolete.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NOVELTY, INC.,              )
                                )
        Plaintiff,         )
                                )
        v.                 )     Case No. 1:07-CV-00191 (RMU)
                                )
KAREN TANDY, Administrator,  )
UNITED STATES DRUG        )
ENFORCEMENT ADMINISTRATION,  )
et al.,                     )
                                )
        Defendants.

**EXHIBIT 3 TO**

**EXHIBIT A TO PLAINTIFF'S MOTION TO SUPPLEMENT MOTION FOR
LIMITED DISCOVERY OF DEFENDANT WITNESS DARRELL R. MEADOR
WITH NEW INFORMATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

NO.     1:07-MJ-0221√2

SEALED

| | |
|---|---|
| IN THE MATTER OF THE | ) |
| ADMINISTRATIVE INSPECTION OF | ) |
| | ) |
| | ) |
| NOVELTY DISTRIBUTORS | )     WARRANT FOR INSPECTION |
| D/B/A GREENFIELD LABS | ) |
| 351 W. MUSKEGON DRIVE | ) |
| GREENFIELD, INDIANA 46140 | ) |

COPY

To Diversion Investigator Madeline J. Kuzma and any other duly authorized Diversion

Investigators of the Drug Enforcement Administration of the United States Department of

Justice.

Application having been made and probably cause as defined by Title 21, Section

880(d)(1), United States Code having been shown by the affidavit of Diversion Investigator

Madeline J. Kuzma of the Drug Enforcement Administration for an inspection of the controlled

premises and place of business described as Novelty Distributors d/b/a Greenfield Labs, 351 W.

Muskegon Drive, Greenfield, Indiana 46140, and it appearing that such inspection is appropriate

pursuant to Title 21, Section 880, of the United States Code.

Therefore, pursuant to Title 21, Section 878 and 880, of the United States Code, you are

hereby authorized to enter the above-described premises during ordinary business hours in order

to, in a reasonable manner and to a reasonable extent, inspect and copy all records,

reports, and other documents required to be kept or made under  Subchapter I of the Controlled

Substances Act. The inspectors are further authorized, within reasonable limits and in a

reasonable manner, to inspect controlled premises and all pertinent equipment, listed chemicals,

and other substances or materials, containers, and labeling found therein, and, except as provided in 21 U.S.C. § 880(b)(4), all other things therein (including records, files, papers, processes, controls, and facilities) appropriate for verification of the records, reports, and documents referred to herein and under 21 U.S.C. § 880(b)(3)(A), or otherwise bearing on the provisions of Subchapter I of the Controlled Substances Act. The inspectors are further authorized to inventory any stock of any listed chemical therein and obtain samples of any such listed chemical. The Diversion Investigator will present her official credentials and written inspection authority as prescribed in Title 21 U.S.C. § 880(b)(2).

You are hereby further authorized to seize from the above-described controlled premises such of the following records, reports, documents, files, and inventories as are appropriate to the effective accomplishment of the inspection and for the purpose of copying or verifying their correctness or that are used or intended to be used in violation of Title 21, Section 881, of the United States Code.

A prompt return shall be made by the inspecting officers to the undersigned magistrate, showing that the inspection has been completed and accounting for all property seized pursuant to this warrant, no later than ten (10) days from the date of issuance of this warrant.

This ____5th____ day of ____July____, 2007

_____
KENNARD P. FOSTER
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

NOVELTY, INC.,                                  )
                                                )
       Plaintiff,                               )
                                                )
       v.                                       )        Case No. 1:07-CV-00191 (RMU)
                                                )
KAREN TANDY, Administrator,                     )
UNITED STATES DRUG                              )
ENFORCEMENT ADMINISTRATION,                     )
et al.,                                         )
                                                )
       Defendants.                              )

## ORDER

This Court, having considered Plaintiff's Motion to Supplement Plaintiff's Motion for

Limited Discovery of Defendant Witness Darrell R. Meador with Additional Information, and

any opposition and reply thereto, for good cause shown hereby

      **ORDERS** that the Motion is **GRANTED**.


                                   _____
                                   RICARDO M. URBINA
                                   UNITED STATES DISTRICT JUDGE

Dated: