UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOVELTY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-CV-00191 (RMU) |
| ) | |
| KAREN TANDY, Administrator, ) | |
| UNITED STATES DRUG ) | |
| ENFORCEMENT ADMINISTRATION, ) | |
| et al., ) | |
| ) | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SUPPLEMENT MOTION FOR LIMITED DISCOVERY OF DEFENDANT WITNESS DARRELL R. MEADOR WITH NEW INFORMATION**

On June 9, 2007, five agents of the DEA, two from the Indianapolis district office of the agency who ordinarily perform inspections of regulated facilities in Indiana (Madeline Kuzma, DEA Diversion Investigator, DEA district office, Indianapolis, IN and Carroll Harris, DEA Special Agent, Indianapolis, IN) were joined by three others who ordinarily do not perform inspections in Indiana but who are actively involved in the case before this Court and before the DEA administrative proceeding below (Lisa Barnhill, DEA Staff Coordinator, Arlington, VA; Darrel R. Meador, Staff Coordinator, Arlington, VA called as a witness by Novelty; and Brian Bayly, Attorney, DEA Chief Counsel's Office, Arlington, VA). Exhibit A at ¶¶ 9-10. All five arrived unannounced at Novelty's Greenfield, Indiana facility with a warrant filed ex parte and under seal[1] to search for documents and records.[2] The basis for the warrant's issuance is unknown to Novelty at

---

[1] See Exhibit 3 to Exhibit A: Copy of Warrant
[2] See Exhibit A: Affidavit of Ryan Polk at ¶8

the time of this submission and is contained in an affidavit filed under seal with the United States District Court for the Southern District of Indiana.

### A.    DEA Is Performing "Discovery" without Leave of Court

While those attending the inspection represented that it was "routine," the inspection is not routine. Routine inspections by DEA are performed under 21 C.F.R. §§ 1316.03-1316.06 and DEA Form 82, a Notice of Inspection, which calls for voluntary compliance. See Exhibit A at ¶5. Here, without ever presenting such a notice, DEA proceeded directly to the United States District Court for the Southern District of Indiana and obtained an *ex parte* warrant.

Never in the history of the agency have five agents appeared for an inspection of Novelty, and never in the history of the agency have DEA Attorney Brian Bayly and DEA Staff Coordinators Lisa Barnhill and Darrell R. Meador from DEA Headquarters in Arlington, Virginia, appeared for an inspection at Novelty. Id. at ¶10. DEA personnel have collected documents and things of potential use in this case and have questioned Novelty's staff during the inspection without leave of Court. Thus, this is not a routine inspection but is an abuse of judicial process to perform discovery for potential use in this case and before the administrative law proceeding below without obtaining leave of Court.[3]

Novelty is in full compliance with the law and has no objection to a routine inspection of its facilities. Novelty has always opened its facilities to DEA investigators to perform those inspections in the past. Exhibit 1 at ¶5-7. Novelty calls this inspection to the attention of the Court because it is an end-run around the Court's discovery rules in

---

[3] When queried whether they would rule out the possibility that information obtained from the warrant would be used as evidence in this case or before the administrative law judge below, DEA attorney Bayly and DOJ attorney Powell both stated that they could not rule out that possibility.

an active case and because it is grossly inequitable (at the same time that Defendants argue before this Court that no discovery should be allowed in this proceeding, they use the judicial process of another court, the United States District Court for the Southern District of Indiana, to obtain documents and things that they may use in evidence in this proceeding). This Court's rules prescribe the method by which discovery in a civil action is to be sought. See Fed. R. Civ. Pro. 26 et seq. Those rules demand that a motion for leave be filed with this Court when discovery is sought in advance of the pre-hearing conference. Fed. R.Civ.Pro. 26(d). Defendants have not filed such a motion and have instead contended that no discovery is permissible in this case. See Defendants' Memo in Opposition to Motion for Discovery (Docket No. 34). While maintaining that position, Defendants have proceeded without notice to this Court to another federal court in Indiana and have obtained from that Court a warrant that would require the production of documents of potential use in this case. Moreover, they have interrogated officials at Novelty's place of business without leave to perform a deposition.

### B.    Defendants' Witness Darrell Meador's Participation in the Inspection Further Supports Novelty's Motion to Depose Meador

Pending before this Court is Plaintiff's motion for leave to depose DEA Staff Coordinator Darrell R. Meador. DEA knew that he was a potential witness in this proceeding as of June 21, 2007. Nonetheless, despite the fact that he may be called to testify, *inter alia*, concerning the evidentiary bases he possesses for false charges of intent to commit crimes that he made in an affidavit to this Court (falsely stating that Novelty intended to sell solid dose form ephedrine in Kentucky and Tennessee where that is illegal), DEA has taken the extraordinary step of having that very named witness fly from Arlington, Virginia to Indianapolis to assist in retrieving documents concerning

3

distribution and sale of ephedrine by Novelty that would be potentially evidentiary in this case. There is an inherent conflict of interest present when a government agent who is a material witness in a case, here Darrell R. Meador, and is charged with wrongdoing (making perjurious statements in an affidavit) is allowed to participate in an inspection against the very party accusing the agent of wrongdoing in the civil case.

Novelty presents this Court with these additional facts because they add new grounds atop the old for the Court to order the requested deposition of Darrell R. Meador. They reveal the kind of circumstances that this Court has recognized as justifying deposition of government agents and deposition before the pre-hearing conference. See Waters v. United States Capitol Police Board, 218 F.R.D. 323, 324 (D.D.C. 2003) (investigative documents ordered disclosed to requesting party in civil action).

### C.   It Is Inequitable for DEA to Use its Administrative Powers to Circumvent this Court's Discovery Rules While Objecting to Allowing Any Discovery in this Case

The use of judicial process from one court to obtain evidence for use in this court is an abuse of the discovery rules in the Federal Rules of Civil Procedure, Rule 26 et seq, because it denies this Court the opportunity to control use of discovery in the case before it. See e.g., Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 353 (1978)(citing Mississippi Power Co. v. Peabody Coal Co., 69 F.R.D. 558, 565, 568 (S.D.Miss. 1976)(when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied).

Novelty has revealed to this Court, in its pleadings concerning the need for the Meador deposition, evidence that Meador made false statements in an affidavit filed with the Court, wherein he alleged contrary to fact that Novelty intended to sell forms of

4

ephedrine unlawful in the states of Kentucky and Tennessee. See Bledsoe Affidavit (Docket No. 17-2) at ¶¶11-22; Meador Affidavit (Docket No.30-2) at ¶¶13-18. In an apparent effort to obtain discovery for potential use in this proceeding without seeking leave to perform discovery from this Court, DEA caused the U.S. District Court for the Southern District of Indiana to execute a warrant to retrieve documents from Novelty's headquarters and flew Darrell R. Meador, the named material witness in this case, to the site to assist in retrieving and reviewing those documents. Those actions are abusive and designed to intimidate Novelty. Oppenheimer Fund, 437 U.S. at 353 (citing United States v. Howard, 360 F.2d 373, 381 (3rd Cir. 1966)(discovery should be denied when a party's aim is to delay bringing a case to trial, or embarrass or harass the person from whom he seeks discovery).

DEA's action comes on the heels of pleadings before this Court seeking the right to depose Meador. Particularly in light of Meador's direct participation in the inspection, DEA's action has all of the earmarks of an abusive use of the warrant power to facilitate one-sided discovery in civil litigation before this Court[4] and to intimidate Novelty for filing suit against the agency. Moreover, any "evidence" obtained from this inspection, however, is extemporaneous, an illegitimate *post hoc* attempt to gather evidence since the denial of the requested LONO at issue can only be justified based on the facts and circumstances before the agency on or before October 10, 2006 when Defendants denied the LONO request.

In conclusion, since DEA has undertaken to conduct its own discovery without out leave of, but rather outside the purview of, this Court, including using Defendant

---

[4] By separate motion, to arrest the abuse, Novelty asks this Court to bar DEA from using any documents obtained from its inspection in this proceeding without first seeking leave of Court.

5

witness Meador as an active participant in that discovery, Novelty respectfully requests that its earlier filed motion for limited discovery of Mr. Meador be granted forthwith.

                Respectfully submitted,

                NOVELTY, INC.,

                _____/s/_____
                By:   Jonathan W. Emord (DC Bar 407414)
                       Andrea G. Ferrenz (DC Bar 460512)
                       Attorneys for Plaintiff

Emord & Associates, P.C.
11808 Wolf Run Lane
Reston, VA 20191
Phone: (202) 466-6937
Fax: (202) 466-6938
jemord@emord.com

Date submitted:     July 10, 2007