**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NOVELTY, INC.,                              )
                                           )
     Plaintiff,                          )
                                           )
     v.                                  )        Case No. 1:07-CV-00191 (RMU)
                                           )
KAREN TANDY, Administrator,                )
UNITED STATES DRUG                         )
ENFORCEMENT ADMINISTRATION,                )
et al.,                                    )
                                           )
     Defendants.                         )

## MOTION TO EXCLUDE DISCOVERY
## OBTAINED WITHOUT LEAVE OF COURT

Novelty, Inc., by counsel and pursuant to Local Rule 7, hereby moves for an order

prohibiting Defendants from making use in this proceeding of "discovery" obtained

through an abuse of process:  The acquisition of a warrant from the United States District

Court for the Southern District of Indiana for the apparent purpose of engaging in

discovery useable in this proceeding and before the Administrative Law Judge in the

proceeding commenced below, without leave of Court.  Having argued strenuously that

there should be no discovery allowed in this case, see Defendants' Memo in Opposition

to Motion for Discovery (Docket No. 34), Defendants have acted unilaterally to obtain a

warrant from another federal court to compel production of documents potentially of use

in this case and before the ALJ in the proceeding below.  See Exhibit 3 to Exhibit A.

That inequitable conduct, using one proceeding to gather discovery for another

proceeding is squarely prohibited.  See e.g., Oppenheimer Fund, Inc. v. Sanders, 437 U.S.

340, 353 (1978)(citing Mississippi Power Co. v. Peabody Coal Co., 69 F.R.D. 558, 565,

568 (S.D.Miss. 1976)(when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied).  Use of process beyond the purview of this Court to obtain evidence for use in this Court destroys the underlying purpose of the discovery rules, denies this Article III Court the power to ensure that its discovery rules are honored, and condones inequitable treatment among parties (allowing one discovery outside the bounds of the rules of court while holding the other strictly to those rules).

In accordance with Local Civil Rule 7(m), Plaintiff's counsel has conferred by phone on the subject matter and requested relief to prevent the needs for this motion. Defense counsel stated that Defendants intend to oppose the motion.

For the reasons stated in the attached memorandum of points and authorities, this Court should bar Defendants from making use of any materials obtained from Novelty, Inc. in response to a warrant executed against Novelty during the pendency of this proceeding.  A draft order is attached.


Respectfully submitted,

NOVELTY, INC.,


_____/s/_____
By:    Jonathan W. Emord (DC Bar 407414)
        Andrea G. Ferrenz (DC Bar 460512)
        Attorneys for Plaintiff

Emord & Associates, P.C.
11808 Wolf Run Lane
Reston, VA 20191
Phone: (202) 466-6937
Fax: (202) 466-6938

jemord@emord.com

Date submitted:        July 11, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NOVELTY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-CV-00191 (RMU) |
| | ) | |
| KAREN TANDY, Administrator, | ) | |
| UNITED STATES DRUG | ) | |
| ENFORCEMENT ADMINISTRATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE**
**DISCOVERY OBTAINED WITHOUT LEAVE OF COURT**

Novelty, Inc. ("Novelty"), by counsel and pursuant to Local Civil Rule 7, hereby

submits its memorandum of points and authorities in support of its Motion to Exclude

Discovery Obtained without Leave of Court. During the pendency of this proceeding,

and without leave of court, Defendants have used judicial process in the United States

District Court for the Southern District of Indiana to obtain documents and things

germane to this proceeding. That circumvention of this Court's rules of discovery is not

permitted under well-settled precedent. See e.g., Oppenheimer Fund, Inc. v. Sanders, 437

U.S. 340, 353 (1978)(citing Mississippi Power Co. v. Peabody Coal Co., 69 F.R.D. 558,

565, 568 (S.D.Miss. 1976)(when the purpose of a discovery request is to gather

information for use in proceedings other than the pending suit, discovery properly is

denied). Moreover, Defendants have argued consistently that no discovery should be

allowed Plaintiff in this case and, thus, should not inequitably benefit from obtaining

discoverable material from Plaintiff through use of a warrant executed by another United

States District Court at the DEA's request. Finally, Article III Courts have inherent power to ensure that the discovery rules applicable in the individual Courts are respected and not circumvented through use of judicial process in other courts. To ensure maintenance of this Court's control over discovery in this proceeding and to guard against the abusive use of DEA warrant power to perform discovery without leave of this Court, Novelty respectfully requests an order from this Court prohibiting use in this case and in the Administrative Law proceeding just commenced below of any documents and things obtained from execution of the warrant issued by the U.S. District Court for the Southern District of Indiana.

### A.    DEA Should Have Sought Leave of this Court for Discovery

On June 21, 2007, Novelty, Inc. sought leave of Court to conduct limited discovery, filing a Motion for Limited Discovery of Defendant Witness Darrell R. Meador. That motion for leave of court sought limited discovery based on Defendants' repeated reliance on the affidavit of DEA Staff Coordinator Darrell R. Meador to support allegations of fact in its pleadings. In particular, Defendants relied upon Meador to support all but two of the principal allegations of fact contained in their pleadings (Docket No. 30-3). In evaluating the Meador affidavits, Novelty discovered false statements of fact, including the false allegation that Novelty intended to sell a form of ephedrine in Kentucky and Tennessee that is illegal in those states. Compare Meador Affidavit (Docket 30-20) at ¶¶12-17 with Bledsoe Affidavit (Docket 17-2) at ¶¶17-22.

In response, Defendants argued that no discovery should be allowed in this proceeding. See Defendants' Memo in Opposition to Motion for Discovery (Docket No. 34). Yet, without leave of court, and while maintaining the argument before this Court

that no discovery should be allowed, Defendants appeared ex parte on July 5, 2007,

before the United States District Court for the Southern District of Indiana and obtained a

warrant that they are now executing the week of July 9 through July 13, 2007.  That

warrant provides defendants documents and things of use in this proceeding and before

the Administrative Law judge below.  See Exhibit A's Exhibit 3

      The facts and circumstances of the investigation raise a clear inference that the

warrant is meant for use as a tool of discovery to obtain evidence for use in this Court.

DEA Counsel Bayly and DOJ Counsel Powell have stated to Plaintiff's counsel that they

will not rule out the possibility that evidence obtained will be used in this proceeding and

in the proceeding before the DEA below.  Presently, five agents of the DEA are

executing the warrant issued by the U.S. District Court for the Southern District of

Indiana and are obtaining documents and things concerning the sales and distribution of

Novelty's ephedrine products.  Exhibit A at ¶9.  They are also interrogating Novelty

officials without leave from this Court for the conduct of oral depositions.

      Although in all prior inspections of Novelty's facility, only local DEA agents

have been involved, in this instance, DEA has taken the extraordinary step of flying from

its Arlington headquarters three people directly involved in the prosecution of the matter

before this Court and before the ALJ below: Defendant witness Darrell R. Meador, DEA

Staff Coordinator, who submitted a false affidavit to this Court; DEA Staff Coordinator

Lisa Barnhill, who is of the same position as Meador and works in the same offices; and

DEA Attorney, Chief Counsel's office, Brian Bayly, who is the lead attorney for DEA in

the administrative proceeding commenced below.  Exhibit A at ¶¶4, 9-10.  Meador is the

very same person who Novelty seeks to depose and from whom Novelty seeks

documents in its Motion for Limited Discovery.  Barnhill is in Meador's same offices.

Bayly is the attorney assigned to represent DEA in the administrative law proceeding

below.  Neither Meador, Barnhill, nor Bayly has ever appeared at a Novelty, Inc.

inspection in the past.  Exhibit A at ¶10.  Routine inspections of Novelty, Inc., a

Greenfield, Indiana company have always involved use of a DEA Form 82, voluntary

notice of inspection, and have involved agents dispatched from the DEA's local

Indianapolis office.  Id. at ¶¶4-7.

 Counsel for Novelty spoke with counsel for Bayly on July 9 during the inspection.

DEA attorney Bayly stated that DEA intended to obtain, inter alia, distribution and

supplier documentation through execution of the warrant.  When asked if the inspection

had anything to do with the proceedings before this Court, DEA attorney Bayly stated,

"yes and no," but would neither confirm nor deny that the documents obtained were for

use in the U.S. District Court for the District of Columbia.  When asked if he would rule

out the possibility that the documents obtained would be used in the proceedings before

this Court or in the administrative proceedings below, he refused to do so.  When asked

why Darrell R. Meador was flown from Arlington to Indianapolis to assist with the

inspection when he had been identified as a material witness, DEA attorney Bayly said,

"if you get him in a deposition, he might answer that."  When asked whether counsel for

Novelty might ask Meador the purpose of his appearance at the inspection, DEA attorney

Bayly said Meador would not answer that question.  When asked whether counsel for

Novelty might ask DEA attorney Bayly the same question for him in turn to ask Meador,

DEA attorney Bayly said that the question could be posed to Bayly but that he, Bayly,

would not ask Meador the question.

In the ordinary course, Novelty is inspected by one or two local DEA agents from the DEA's Indiana district office, Exhibit A (Affidavit of Ryan Polk) at ¶4, and are conducted pursuant to 21 C.F. R. 1316.03-1316.06 and DEA Form 82, a voluntary notice of inspection. Novelty has always cooperated fully with these inspections, making available records relevant to DEA's performance of its legitimate regulatory duties. Exhibit A at ¶¶5-7.

It is not customary for DEA to obtain a warrant without first having a request for voluntary inspection declined. Counsel for Novelty was informed during the inspection that DEA elected to obtain a warrant rather than use the voluntary inspection form because Novelty had sued DEA.

**B.      Equity Requires that DEA Be Barred from Presenting Any Material Obtained in the Inspection**

A party that intends to use documents obtained from a party opponent must follow the rules of discovery. It undermines the authority of Article III courts for an agency of the Executive Branch to use its separate inspection powers to seek "discovery" to use in an action before the courts, in advance of when discovery would be allowed in the case, without leave of Court, and while objecting to the opposing party's request for leave to conduct discovery. A party may not circumvent the discovery rules of one federal court by using judicial process in another for the purpose of obtaining discovery it could only obtain by leave of court from the one. See e.g., Oppenheimer Fund, Inc., 437 U.S. at 353.

For the foregoing reasons, and to ensure maintenance of the integrity of this Court's discovery rules and its inherent Article III power to control discovery in its

proceedings and to ensure that discovery is equitable, Novelty respectfully requests that

the Court order Defendants to make no use either before this Court or in the

administrative proceeding below of any documents and things obtained from execution of

the warrant attached as Exhibit 3 to Exhibit A.

Respectfully submitted,

NOVELTY, INC.,


_____/s/_____

By:    Jonathan W. Emord (DC Bar 407414)
        Andrea G. Ferrenz (DC Bar 460512)
        Attorneys for Plaintiff

Emord & Associates, P.C.
11808 Wolf Run Lane
Reston, VA 20191
Phone: (202) 466-6937
Fax: (202) 466-6938
jemord@emord.com

Date submitted:    July 11, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NOVELTY, INC.,            )
                                )
       Plaintiff,        )
                                )
       v.              )     Case No. 1:07-CV-00191 (RMU)
                                )
KAREN TANDY, Administrator,   )
UNITED STATES DRUG        )
ENFORCEMENT ADMINISTRATION,  )
et al.,                        )
                                )
       Defendants.


**EXHIBIT A TO MOTION TO EXCLUDE DISCOVERY**
**OBTAINED WITHOUT LEAVE OF COURT**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NOVELTY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-CV-00191 (RMU) |
| | ) | |
| KAREN TANDY, Administrator, | ) | |
| UNITED STATES DRUG | ) | |
| ENFORCEMENT ADMINISTRATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | | |

**AFFIDAVIT OF RYAN POLK  IN SUPPORT OF PLAINTIFF'S MOTION TO
SUPPLEMENT MOTION FOR LIMITED DISCOVERY OF DEFENDANT
WITNESS DARRELL R. MEADOR WITH NEW INFORMATION**

I, Ryan Polk, declare under penalty of perjury that the following is true and correct to the
best of my knowledge, information, and belief:

1. I am the Chief Financial Officer of Novelty, Inc. and have held that position for
   10 months. I have held various other executive positions at Novelty, Inc. since
   December 2001.

2. I am Novelty Inc.'s liaison to the Drug Enforcement Administration (DEA),
   including to its agents who visit our Greenfield, Indiana facilities.

3. I have been present at the two previous inspections conducted by DEA agents
   made during the last six years.  DEA's prior visits took place on September 30,
   2002 and May 7, 2003.

4. Both Laurie Kaufmann and Madeline Kuzma were both present at the 2002 and
   2003 inspections.

5. At each of those visits the DEA agents presented a Form 82 Notice of Inspection. Copies of these inspection notices are attached as Exhibits 1 and 2 to this affidavit.

6. Novelty has never denied DEA entry to any of its facilities.

7. At each of those prior inspections, Novelty has never denied DEA access to information, documentation, facilities, or inventory the agents requested. None of those inspections resulted in any adverse action taken against Novelty.

8. I was present at Novelty's Greenfield facilities on Monday, July 9, 2007 when DEA agents arrived and presented a warrant for inspection. A copy of that warrant is attached as Exhibit 3 to this Affidavit.

9. The DEA personnel present on July 9, 2007 were: (1) Lisa Barnhill, DEA Staff Coordinator from DEA's Arlington, VA office; (2) Darrell R. Meador, Staff Coordinator from DEA's Arlington, VA office; (3) Brian Bayly, Attorney, DEA Chief Counsel's Office, Arlington VA; (4) Madeline Kuzma, DEA Diversion Investigator, DEA District Office, Indianapolis, IN; and (5) Carroll Harris, DEA Special Agent, Indianapolis, IN.

10. The DEA agents from DEA Headquarters Ms. Barnhill, Mr. Meador, and Mr. Bayly have never visited Novelty's facilities on any prior occasion.

11. DEA has never before presented a warrant to Novelty.

12. DEA representative Brian Bayly represented to me that part of the reason for the attendance of the three DEA personnel from DEA headquarters had to do with Novelty's suit against the DEA.

**13.** DEA representative Brian Bayly would not rule out that documents and things obtained in the inspection would be used as evidence in Novelty's suit against DEA Before the U.S. District Court for the District of Columbia and before the proceeding in front of DEA ALJ Randall.

_____
**RYAN POLK**

_____
**DATE**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NOVELTY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-CV-00191 (RMU) |
| | ) | |
| KAREN TANDY, Administrator, | ) | |
| UNITED STATES DRUG | ) | |
| ENFORCEMENT ADMINISTRATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | | |

**EXHIBIT 1 TO**

**EXHIBIT A TO MOTION TO EXCLUDE DISCOVERY**
**OBTAINED WITHOUT LEAVE OF COURT**

U.S. DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION

| NOTICE OF INSPECTION OF CONTROLLED PREMISES | DEA USE ONLY |
| --- | --- |
| | FILE NUMBER I2-02-2029 |

| NAME OF INDIVIDUAL RYAN POLK | TITLE CFO |
| --- | --- |

| NAME OF CONTROLLED PREMISES NOVELTY DISTRIBUTORS | DEA REGISTRATION NO. 003563NSY |
| --- | --- |

| NUMBER AND STREET 351 W. MUSKEGON DR. | DATE 5/7/03 |
| --- | --- |

| CITY AND STATE GREENFIELD     INDIANA | ZIP CODE 46140 | TIME *(initial inspection)* |
| --- | --- | --- |

## STATEMENT OF RIGHTS

1. You have a constitutional right not to have an administrative inspection made without an administrative inspection warrant.
2. You have the right to refuse to consent to this inspection.
3. Anything of an incriminating nature which may be found may be seized and used against you in a criminal prosecution.
4. You shall be presented with a copy of this Notice of Inspection.
5. You may withdraw your consent at any time during the course of the inspection.

## ACKNOWLEDGEMENT AND CONSENT

I, RYAN POLK , have been advised of the above Statement of Rights
       *(Name)*

by DEA D/I's LAURIE KAUFMANN & MADELINE KUZMA , who
       *(Title and Name)*

has identified himself/herself to me with his/her credentials and presented me with this Notice of Inspection containing a copy of sections 302(f) and 510(a), (b) and (c) of the Controlled Substances Act (21 U.S.C. 822(f) and 21 U.S.C. 880(a), (b) and (c), printed hereon, * authorizing an inspection of the above-described controlled premises. I hereby acknowledge receipt of this Notice of Inspection. In addition, I hereby certify that I am the CFO
       *(President)   (Manager)   (Owner)*

for the premises described in this Notice of Inspection; that I have read the foregoing and understand its contents; that I have authority to act in this matter and have signed this Notice of Inspection pursuant to my authority.

I understand what my rights are concerning inspection. No threats or promises have been made to me and no pressure of any kind has been used against me. I voluntarily give consent for inspection of these controlled premises.

_____
*(Signature)*

5/13/03
*(Date)*

WITNESSES:

_____          5/13/03
*(signed)*                                *(date)*

_____          5-13-03
*(signed)*                                *(date)*

* See Reverse

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NOVELTY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-CV-00191 (RMU) |
| | ) | |
| KAREN TANDY, Administrator, | ) | |
| UNITED STATES DRUG | ) | |
| ENFORCEMENT ADMINISTRATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | | |

**EXHIBIT 2 TO**

**EXHIBIT A TO MOTION TO EXCLUDE DISCOVERY
OBTAINED WITHOUT LEAVE OF COURT**

U.S. DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION

### NOTICE OF INSPECTION
### OF CONTROLLED PREMISES

| DEA USE ONLY |
| --- |
| FILE NUMBER |
| I2-02-2029 |

| NAME OF INDIVIDUAL RYAN POLK | TITLE CFO |
| --- | --- |

| NAME OF CONTROLLED PREMISES NOVELTY DISTRIBUTORS | DEA REGISTRATION NO. 003563NSY |
| --- | --- |
| NUMBER AND STREET 351 W. MUSKEGON DR. | DATE 9/30/02 |
| CITY AND STATE GREENFIELD    INDIANA    ZIP CODE 46140 | TIME (initial inspection) 1:30 PM |

### STATEMENT OF RIGHTS

1. You have a constitutional right not to have an administrative inspection made without an administrative inspection warrant.
2. You have the right to refuse to consent to this inspection.
3. Anything of an incriminating nature which may be found may be seized and used against you in a criminal prosecution.
4. You shall be presented with a copy of this Notice of Inspection.
5. You may withdraw your consent at any time during the course of the inspection.

### ACKNOWLEDGEMENT AND CONSENT

I, _____RYAN POLK_____ , have been advised of the above Statement of Rights
                (Name)

by DEA __D/I's LAURIE KAUFMANN & MADELINE KUZMA_____ , who
          (Title and Name)

has identified himself/herself to me with his/her credentials and presented me with this Notice of Inspection containing a copy of sections 302(f) and 510(a), (b) and (c) of the Controlled Substances Act (21 U.S.C. 822(f) and 21 U.S.C. 880(a), (b) and (c), printed hereon, * authorizing an inspection of the above–described controlled premises, I hereby acknowledge receipt of this Notice of Inspection. In addition, I hereby certify that I am the _____CFO_____
                                                                    (President)    (Manager)    (Owner)

for the premises described in this Notice of Inspection; that I have read the foregoing and understand its contents; that I have authority to act in this matter and have signed this Notice of Inspection pursuant to my authority.

I understand what my rights are concerning inspection. No threats or promises have been made to me and no pressure of any kind has been used against me. I voluntarily give consent for inspection of these controlled premises.

_____
(Signature)

_____9/30/02_____
(Date)

WITNESSES:

_____    _____9/30/02_____
(signed)                        (date)

_____    ____9-30-02____
(signed)                        (date)

* See Reverse

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NOVELTY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-CV-00191 (RMU) |
| | ) | |
| KAREN TANDY, Administrator, | ) | |
| UNITED STATES DRUG | ) | |
| ENFORCEMENT ADMINISTRATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | | |

**EXHIBIT 3 TO**

**EXHIBIT A TO MOTION TO EXCLUDE DISCOVERY**
**OBTAINED WITHOUT LEAVE OF COURT**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

NO.    1:07-MJ-0221 2

SEALED

|                                         |   |
|-----------------------------------------|---|
| IN THE MATTER OF THE                    | ) |
| ADMINISTRATIVE INSPECTION OF            | ) |
|                                         | ) |
|                                         | ) |
| NOVELTY DISTRIBUTORS                    | ) |
| D/B/A GREENFIELD LABS                   | ) |
| 351 W. MUSKEGON DRIVE                   | ) |
| GREENFIELD, INDIANA 46140               | ) |

WARRANT FOR INSPECTION

COPY

To Diversion Investigator Madeline J. Kuzma and any other duly authorized Diversion

Investigators of the Drug Enforcement Administration of the United States Department of

Justice.

Application having been made and probably cause as defined by Title 21, Section

880(d)(1), United States Code having been shown by the affidavit of Diversion Investigator

Madeline J. Kuzma of the Drug Enforcement Administration for an inspection of the controlled

premises and place of business described as Novelty Distributors d/b/a Greenfield Labs, 351 W.

Muskegon Drive, Greenfield, Indiana 46140, and it appearing that such inspection is appropriate

pursuant to Title 21, Section 880, of the United States Code.

Therefore, pursuant to Title 21, Section 878 and 880, of the United States Code, you are

hereby authorized to enter the above-described premises during ordinary business hours in order

to, in a reasonable manner and to a reasonable extent, inspect and copy all records,

reports, and other documents required to be kept or made under  Subchapter I of the Controlled

Substances Act. The inspectors are further authorized, within reasonable limits and in a

reasonable manner, to inspect controlled premises and all pertinent equipment, listed chemicals,

and other substances or materials, containers, and labeling found therein, and, except as provided in 21 U.S.C. § 880(b)(4), all other things therein (including records, files, papers, processes, controls, and facilities) appropriate for verification of the records, reports, and documents referred to herein and under 21 U.S.C. § 880(b)(3)(A), or otherwise bearing on the provisions of Subchapter I of the Controlled Substances Act. The inspectors are further authorized to inventory any stock of any listed chemical therein and obtain samples of any such listed chemical. The Diversion Investigator will present her official credentials and written inspection authority as prescribed in Title 21 U.S.C. § 880(b)(2).

You are hereby further authorized to seize from the above-described controlled premises such of the following records, reports, documents, files, and inventories as are appropriate to the effective accomplishment of the inspection and for the purpose of copying or verifying their correctness or that are used or intended to be used in violation of Title 21, Section 881, of the United States Code.

A prompt return shall be made by the inspecting officers to the undersigned magistrate, showing that the inspection has been completed and accounting for all property seized pursuant to this warrant, no later than ten (10) days from the date of issuance of this warrant.

This ____5th____ day of ____July____, 2007

_____
KENNARD P. FOSTER
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NOVELTY, INC.,                        )
                                      )
      Plaintiff,                 )
                                      )
      v.                         )     Case No. 1:07-CV-00191 (RMU)
                                      )
KAREN TANDY, Administrator,           )
UNITED STATES DRUG                    )
ENFORCEMENT ADMINISTRATION,           )
et al.,                               )
                                      )
      Defendants.                )

**ORDER**

    This Court, having considered Plaintiff's Motion to Exclude Discovery Obtained without

Leave of Court, and any opposition and reply thereto, for good cause shown hereby

    **ORDERS** that Defendants shall not offer into evidence before this Court or before the

Drug Enforcement Administration any documents, objects, things, or testimony obtained from

Defendants' inspection of Plaintiff's Greenfield, Indiana location made pursuant to the July 5,

2007 administrative warrant.


                                       _____
                                       RICARDO M. URBINA
                                       UNITED STATES DISTRICT JUDGE

Dated: