**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NOVELTY, INC.,

    Plaintiff,

        v.

KAREN TANDY, Administrator,
UNITED STATES DRUG ENFORCEMENT
ADMINISTRATION; et al.,

    Defendants.

Case No. 1:07-CV-
00191 (RMU)

**PLAINTIFF'S NOTICE OF DEA ADMINISTRATIVE LAW JUDGE'S
DECISION IN PLAINTIFF'S FAVOR**

Plaintiff Novelty, Inc., ("Novelty"), by counsel and pursuant to this Court's order

staying these proceedings, hereby notifies this Court of the DEA Administrative Law

Judge's May 21, 2008, Recommended Rulings, Findings of Fact, Conclusions of Law,

and Decision of the Administrative Law Judge (Attachment 1) (hereinafter "Decision").

In that Decision, Administrative Law Judge Gail A. Randall held continuation of

Novelty's DEA registration to be consistent with the public interest and so recommended

that action by the DEA Administrator.

In a Joint Status Report filed with this Court on April 1, 2008, the Defendant cited

the administrative proceedings before the DEA and observed that the Administrative Law

Judge would issue her decision following final briefs on the case.  On April 3, 2008, this

Court granted a continued stay pending another joint status report scheduled for August

1, 2008.  In accordance with its duty to apprise this Court fully and seasonably of the

administrative proceeding before DEA, Novelty now submits in advance of the August 1, 2008 schedule the Administrative Law Judge's Decision.

The ALJ's Decision is directly relevant to the factual and legal issues before this Court.  In the instant action, Novelty requests review of DEA's policy concerning the LONO procedures as applied to convenience store distributors.  <u>See</u> Novelty Complaint at 7.  In particular, Novelty challenged DEA's determination that convenience stores provide a greater source of diversion than traditional retail outlets.  <u>Id.</u>  DEA's conclusion is supported in part by reference to the calculations of its expert, Jonathan E. Robbin, on the legitimate market demand for ephedrine and pseudoephedrine products in convenience stores.

In her Decision, the Administrative Law Judge held that DEA's expert to have produced an unreliable estimate of market demand, one replete with basic flaws.  <u>See</u> ALJ Decision at 96.  In discussing the flaws in Jonathan E. Robbin's (DEA's expert) model, the ALJ held, "[t]hese flaws resulted in raising fundamental concerns about the reliability of Mr. Robbin's analytical process, and, thus, his ultimate opinion."  <u>Id.</u>  The ALJ further stated:

> Logically, I also have trouble with the DEA's inference using these basic mathematical justifications. . . [U]sing $14.39 per month as the expected sale, the DEA is asserting that any convenience store which sells two or more packages of 24-count SLC product in a month is making excessive sales of this product.  Extending the DEA's reasoning, therefore, any SLC product distributor who has convenience store customers selling at retail two or more 24-count SLC product has engaged in business with customers who will make these products available to illicit methamphetamine cooks.

<u>Id.</u> at 96 n.40.  The ALJ continued:

> The interest of the public in ensuring that SLC products are not diverted into the illicit market is paramount; however, this interest also needs to be

> balanced against the interests of the registrant. . . the record demonstrates
> that the expected monthly sales value that the Government relies upon --
> $14.39 – to justify its position is flawed and not credible.  Therefore, there
> is no legitimate sales figure in the record by which the interests of the
> public and the interests of the registrant can be measured.

Id. at 97.

>        To ensure this Court's receipt of apposite DEA precedent, Novelty submits notice

of the ALJ's Decision for the Court's reference.


                                        Respectfully submitted,

                                        NOVELTY, INC.


                                        By:  ____/s/_____
                                                Its counsel
                                                Jonathan W. Emord (DC Bar 407414)
                                                Andrea G. Ferrenz (DC Bar 460512)
                                                Peter A. Arhangelsky

Emord & Associates, P.C.
11808 Wolf Run Lane
Clifton, VA 20124
P: (202) 466-6937
F: (202) 466-6938
Email: jemord@emord.com

Date submitted:  May 28, 2008

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NOVELTY, INC.

        Plaintiff,

    v.

KAREN TANDY, Administrator,
UNITED STATES DRUG ENFORCEMENT
ADMINISTRATION; et al.,

        Defendants.

No. 1:07-CV-00191 (RMU)

**PUBLIC REDACTED VERSION**

## ATTACHMENT 1

### May 21, 2008 Decision of Administrative Law Judge Gail A. Randall

The decision of the ALJ was filed under seal and is therefore redacted *in toto*. Confidential copies of the ALJ decision have been filed with the Clerk under seal.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

NOVELTY, INC.,

      Plaintiff,

          v.

KAREN TANDY, Administrator,
UNITED STATES DRUG ENFORCEMENT
ADMINISTRATION; et al.,

      Defendants.

Case No. 1:07-CV-00191 (RMU)

## CERTIFICATE OF SERVICE

I, Jonathan W. Emord, hereby certify that on May 28, 2008, I served upon Amy Powell a

copy of the confidential exhibit accompanying the Notice of DEA Administrative Law

Judge's Decision in Plaintiff's Favor.  I served the foregoing copies upon Ms. Powell by

UPS overnight delivery at the address below.

Amy E. Powell
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C.  20530
Ph: (202) 514-9836
Fx:  (202) 616-8202
Amy.powell@usdoj.gov


_____/s/_____
Jonathan W. Emord
Counsel for Petitioner